## GERARD C. McCRACKEN, Ex'r,

### v.

## WILLIAM MILHOUS, Assignee.

1. STATEMENT.—M. was managing executor of an estate, and a large stockholder in the P. National Bank. He deposited the money belonging to the estate in said bank, having an account there as executor. October 4th, 1875, the bank went into liquidation, and the firm of M. & Co., of which M. was the sole partner, received by proper assignment all the assets of the bank and assumed all its liabilities, and thereafter carried on banking business under the style of M. & Co. Among the liabilities so assigned to M. & Co. was the executor's account of M. A new account was opened on the books of M. & Co. with the executors, and the balance due from the bank carried to the new account. Afterwards, Y. was admitted a member of M. & Co., and in February, 1878, the firm of M. & Co. made a voluntary assignment of their partnership and individual assets for the benefit of their creditors, including in their schedule of liabilities the executors' account above mentioned.

2. VOLUNTARY ASSIGNMENT LAW—CONTESTING CLAIMS.—Upon exceptions filed by a creditor against the claim of the executor to share in the proceeds of M. & Co., held, that in this proceeding the rights and liabilities of the parties who are claimed to be partners or members of the firm, as to each other, and as to third parties, cannot be determined.

3. ASSIGNEE A TRUSTEE.—The assignee is the trustee of the firm, to convert the estate into money, and pay out the proceeds to the firm creditors.

4. STATEMENT OF CREDITORS—ESTOPPEL.—The members of the firm making the assignment admitted by their deed of assignment that the executor of said estate was a creditor of the firm, and they are estopped by such admission.

5. CREDITORS ARE ESTOPPED.—The firm members are presumed to know best who are creditors of the firm, and their admission will be conclusive upon the other creditors, unless that admission was made falsely and for the purpose of defrauding such creditors, or reducing their *pro rata* share.

6. LIABILITY OF NEW MEMBERS OF THE FIRM.—*Held*, that the parties subsequently becoming members of the firm of M. & Co., having participated in the assets of such firm, including those received from the estate, became liable also for the debts of the firm.

APPEAL from the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed September 17, 1880.

Messrs. BROWN, KIRBY & RUSSELL, for appellant; that the assignee of the bank became liable for the amount due the executors at the time of the assignment, he having received the assets and assumed the liabilities of the bank, cited Beasley v. Webster, 64 Ill. 458; Eddy v. Roberts, 17 Ill. 505; Brown v. Straight, 19 Ill. 88; Bristow v. Lane, 21 Ill. 194; Eggleston v. Buck, 24 Ill. 263; Rabberman v. Wiskamp, 54 Ill. 179; Ball v. Benjamin, 56 Ill. 105; Steele v. Clark, 77 Ill. 471.

The members subsequently added to the firm of M. & Co. were also liable: Colt v. Lassiur, 9 Cow. 320; Malden v. Karr, 88 Ill. 49.

Moses was a trustee for the creditors of the bank: 2 Perry on Trusts, § 828.

Mr. H. CASE, for appellee; that Moses was not a trustee for the creditors of the bank, but a mere purchaser, cited Steele v. Clark, 77 Ill. 471.

The statement of the debt in the schedule is not proof of it. *In re* Davis 2 Bank. Reg. 392.

To constitute a novation of a debt there must be an acceptance of the new debtor by the creditor: Butterfield v. Hartshorn, 7 N. H. 345: 1, Parsons on Contracts, Chap. 13; Miller v. Bil-

lingsby, 41 Ind. 492; Durham v. Bischof, 49 Ind. 211; Mc-Lean v. Sauson, 18 Cal. 80; Kelly v. Roberts, 40 N. Y. 432; 7 Cent. Law Jour. 307; Steele v. Clark, 77 Ill. 471.

An individual creditor has not such a claim upon the individual property of his debtor that the latter cannot apply such property to payment of partnership debts: Kirby v. Schoonmaker, 3 Barb. Ch. 50; Hapgood v. Cornwell, 48 Ill. 64; Van Rossum v. Walker, 11 Barb. S. C. 237; Allen v. Wells, 22 Pick. 450; Bradwell v. Perry, 19 Vt.; McCullough v. Dashiell, 1 Har. & G. 96.

DAVIS, J.   John Moses and Gerard C. McCracken were the executors of the last will and testament of Robert McCracken, deceased, John Moses being the managing executor.   They kept their bank account with the People's National Bank of Winchester, and on the 4th day of October, 1875, had on deposit the sum of $3,924.21.   On that day a meeting of the stockholders of the bank was held pursuant to notice, and J. B. Young, David Rankin, W. Starrett, T. M. Hardwick, S. R. Simms, John Moses and T. C. Keener, who represented 740 shares of stock, were present.   At that meeting J. B. Young was elected Chairman, and John Moses Secretary, and the following resolutions were adopted by 610 votes in the affirmative and none in the negative:   "*Resolved*, That the People's National Bank of Winchester, Ill., go into liquidation and be closed."   "*Resolved*, further, That John Moses & Co. having assumed all the liabilities of said association, the assets thereof, for the purpose of discharging and paying all such liabilities, are hereby transferred and set over to them, who are hereby authorized to collect and receive all such assets, and apply the same for the purpose aforesaid as soon as collected."

"*Resolved*, further, That any informalities of notice, in form or substance, in calling this meeting of stockholders, is hereby waived, 740 shares of stock being represented, and 610 consenting to the action of this meeting."

On the same day the directors of the bank met and passed unanimously the following resolutions:

"*Resolved*, That whereas the Peoples' National Bank of

Winchester having resolved to go into liquidation and close up its affairs, that John Moses & Co. having assumed the liabilities of said association, the assets thereof—for the purpose of discharging and paying all such liabilities—are hereby transferred and set over to them, the said John Moses & Co., who are hereby authorized to collect and receive all such assets, and apply the same for the purpose aforesaid as soon as collected."

"*Resolved,* That the comptroller of the currency be and he is hereby authorized to withdraw $75,000 United States bonds deposited with the treasurer of the United States, by this bank to secure circulation, and described as follows: * * * and that the Ninth National Bank of New York be and is hereby authorized to sell, assign and transfer the same, and to appoint one or more attorneys for that purpose."

At that time John Moses, in pursuance of the action of the stockholders and board of directors of the bank, received the assets of the bank and assumed the payment of all its liabilities, and at the time of these meetings and transfer of assets. Moses was the holder of 650 shares of the stock which had been transferred to him.

Upon John Moses receiving the assets of the bank, the business was carried on by him as before. He received deposits, transferred the old accounts of the bank to his own books, and used the assets in his ordinary transactions. The banking business was carried on in the firm name of John Moses & Co., and of this firm John Moses was the sole member until about the 1st of January, 1876, when James B. Young was admitted, and in March, 1877, Charles K. Lee became a member.

On the 8th of October, 1871, a new account was opened in the books of John Moses & Co. with Moses & McCracken, executors of the estate of Robert McCracken, deceased, and to the credit side of the account, the balance due by the People's National Bank to the estate, which was assumed by John Moses & Co., was transferred. This account ran on, showing the transactions between John Moses & Co. and the executors of

the estate, until about the first of February 1878, when a balance of $383, appeared to be due the estate.

On that day a deed of assignment was executed by John Moses & Co to appellee, as follows:

"This indenture was made February 1, 1878, between John Moses, Sallie Moses, his wife, James B. Young and Charles Lee, of the first part, and William Milhous of the second part, witnesseth, that whereas the said John Moses, James B. Young and Charles Lee, late partners doing a banking business at Winchester, Illinois, under the firm name and style of John Moses & Co., are at present embarrassed in their firm business, and are desirous of securing their said partnership creditors and of making arrangements for their payment in full.

"Now, therefore, in consideration of the premises, and one dollar in hand paid, the parties of the first part convey to the party of the second part, in trusts hereinafter specified, all the right, title and interest of said Young, Moses and Lee, as members of said firm, in and to the real estate of said firm; also goods and chattels, notes, credits, etc., of said firm, and especially to those specified in schedule ' A.' "

Also, John and Sallie Moses grant, bargain, and sell (because they can do so without prejudice to their individual creditors) to said assignee all real estate in schedule "A" and "B." James B. Young also (because he can do so without injury to his private creditors, and is willing to pledge his private property in this behalf), conveys to said assignee, upon the conditions hereinafter specified, all real estate in schedule "C," on the trusts and conditions following:

1.   Assignee shall take possession of property herein conveyed, for the uses and purposes pointed out.

2.   He shall reduce to cash the property and choses in action, with reasonable dispatch, for the purpose of paying in full the creditors of John Moses & Co.

3.   Out of the proceeds he will pay the creditors of John Moses & Co., a list of which is contained in schedule "D" hereto attached, in full, if property is sufficient, and if not, then *pro rata.*   *   *   *   *

Schedule "D" referred to in the deed of assignment, is

signed by John Moses, J. B. Young and Charles K. Lee, and in the list of liabilities due depositors appears this item: "Due executors of Robert McCracken, deceased, $3,811.82."

The deed of assignment, and the schedules made a part thereof, were duly acknowledged and recorded as required by law.

The product of the assets of the People's National Bank, and a portion of the actual ·ssets were embraced in the assignment. A large portion assigned to the assignee came to the hand of John Moses & Co., after the purchase by Moses of the People's National Bank. On the hearing it was admitted that appellant was the sole executor of Robert McCracken, deceased.

Appellant presented his claim for the balance due the estate and exceptions were filed by John H. Coats, treasurer, who is a creditor, and on the hearing before the county court the claim was allowed, and judgment rendered against the assignee for $3,889.33 and costs. From this judgment the assignee appealed to the circuit court, and in that court the claim was disallowed, and judgment rendered against the estate for costs.

To reverse the judgment of the circuit court this appeal was taken.

There is no controversy as to the amount of the claim of appellant, and the only question presented is whether the claimant is entitled to payment out of the assets in the hands of the assignee.

The controversey is really between parties claiming to be creditors of the firm of John Moses & Co. In this proceeding, the rights or interests or liabilities of the parties who are claimed to be partners and members of the firm, as to each other and to third parties, cannot be determined. The proceeding is under the act entitled, "an act concerning voluntary assignments, and conferring jurisdiction therein upon county courts." Revised Statutes of 1877, page 144. And therefore, our inquiries will be confined to the question whether appellant is a creditor of the firm making the assignment, and whether he was entitled to share in the distribution of the proceeds of the assets in the hands of the assignee.

The assignee is the trustee of the firm, into whose hands

have been placed all the property of the firm to be converted into money, and the proceeds to be paid to the creditors of the firm. In the deed creating the trust John Moses, James B. Young and Charles Lee, who were the assignors or grantors, admit that the executors of Robert McCracken, deceased, are creditors of the firm. So far as they are concerned they are estopped by such admission.

The members of the firm are presumed to know best who are creditors of the firm, and their admissions will be conclusive upon the creditors unless that admission was made falsely and for the purpose of defrauding such creditors, or reducing their *pro rata* share. The evidence in this case, so far from showing any design in that admission to wrong others, shows that appellant was a creditor of such firm at the time of the assignment, and when it was composed of the three members who executed the assignment. It is not disputed that the liabilities of the People's National Bank of Winchester were assumed by the firm of John Moses & Co. when Moses was the sole member of the firm. New accounts were opened, to which all such liabilities were transferred.

On the 8th of October, 1875, the firm of John Moses & Co. credited to the account of the executor of Robert McCracken, deceased, the balance due by the bank to them of $3,924.21. James B. Young, who was a stockholder and director of the Bank, and Charles Lee, who was its cashier, had full knowledge of every act connected with the transfer of the assets of the bank to the firm of John Moses & Co., and of the firm's assumption of the liabilities of the bank, when the two became members of the firm, and after that time they continued the same account, in which was credited the bank debt assumed by the firm, until the day of the assignment. From this knowledge and the acts of the new members of the firm after becoming members, it must be held that in becoming such members, and becoming jointly interested with John Moses in all the assets of the firm, including those received from the bank they also assumed with John Moses the liabilities of the firm.

The balance due by the bank which was assumed on the 8th of October, 1875, and which was reduced by subsequent trans-

actions, became a debt as reduced due by the firm of John Moses & Co. at the time the assignment was made, and appellant being a creditor is entitled to share in the assets in the hands of the assignee. It would be inequitable to permit the other creditors of the firm to receive the assets of the People's National Bank and of the firm, and exclude appellant from all participation in the division of the proceeds of those assets. It would be in violation of the law under which this proceeding originated, which requires the county court in determining contested claims to render such judgment upon them as shall be just. The judgment of the circuit court must be reversed and the cause remanded.

Judgment reversed.