MECHANICS LOAN AND TRUST COMPANY OF CHICAGO
ET AL.

·V·

AMERICAN EXCHANGE NATIONAL BANK OF CHICAGO
ET AL.

*Assignment—Distribution—Right of Secured Creditors to Dividends— Sale of Collaterals without Prejudice.*

1. Upon the distribution of an estate under an assignment creditors who held collateral security are entitled to share equally with unsecured creditors in any and all dividends paid.

2. Where a holder of collaterals has converted them into cash on the faith of an order of court that he might do so without prejudice, his rights are not thereby affected, the court having no power to require him to make the change.

[Opinion filed August 8, 1888.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. RICH & STONE, for appellants.

The County Court should have required the appellees to realize upon the collateral held by them, and to apply the proceeds in payment or part payment of their said claims as requested by appellants.

It was within the power of the court to require the appellees to convert said property into money, and apply the same, as

far as it would go, in payment of their claims, before they should be permitted to prove their claim and receive a dividend from the assets in the hands of the assignee.   Wurtz v. Hart, 13 Iowa, 515; In re Knowles, 13 R. I. 90; Besley v. Lawrence, 11 Paige, 581.

The appellees having, before the time of the order for a dividend made by the County Court, converted into money all of the said securities remaining in their hands, after the allowing of their claims by the County Court, to the amount of $70,860.84, the said County Court should have directed the assignee to pay a dividend only upon the amount of their claims after deducting the net proceeds of the sale of collateral then in their possession.

We are aware of the decision of our Supreme Court in the case of Bates v. Paddock, 118 Ill. 524, holding that a creditor is entitled to a dividend on his whole claim out of the assigned assets, notwithstanding there was security held for the claim; and we understand the County Court directed the dividend to appellees in this case upon the strength of that decision.  But we claim that this case is clearly distinguishable from the case under consideration in that suit.   There the security had not been realized upon.   There was likely to be long delay in realizing money on the same, and there was uncertainty as to what the mortgaged property would bring at forced sale.

If the debtor had been sued in that case there could have been no defense of payment, in part even, to reduce the amount of indebtedness remaining, and the court might find good reason for following the Pennsylvania line of decisions rather than that of New York, Iowa and Rhode Island.   It would be going a good deal farther in the same direction, we think, to hold in this case that appellees were entitled to the same dividend as other creditors on the full amount of their claim as established on the hearing of the exceptions to their claims, notwithstanding they had been subsequently, but before the order for dividend, paid nearly in full the amounts upon which dividends were ordered.   We do not find, in any of the cases cited, any one where the money had been actually received by

156    APPELLATE COURTS OF ILLINOIS.

VOL. 27.]   Mechanics Loan & Trust Co. v. American Ex. Nat. Bk.

claimants as proceeds of securities held before order of distribution and dividend under the assignment proceedings.

Messrs. SWIFT & CAMPBELL, for appellees.

"The rule of law is well settled that an assignee to whom property is transferred for the payment of the assignor's debts, takes it subject to all liens to which it is then liable." O'Hara v. Jones, 46 Ill. 288; Yates v. Dodge, S. C. Ill. Nov. 11, 1887; 13 Northeastern Rep. p. 847. The rule of law is equally well settled that the assignee has no greater right than the assignor had. Hardin v. Osborn, 94 Ill. 571; Jack v. Weinnett, 115 Ill. 111. The only right, therefore, which the assignee of Sykes had was the right to redeem the seed which appellees held as security, by paying their claims. When appellees proved their claims they offered to surrender the seed to the assignee upon payment of their claims, and notified him that they should ask for a dividend upon the full amount of their claims, without deduction on account of their security.

As the assignee had no right except to redeem, and as it was not claimed that the seed held as security was greater in value than the claims against which it was held, the court rightly refused the prayer of appellant's petition. But the court entered an order upon his own motion that the appellees "have leave to sell the seed held by them as collateral security without prejudice to their rights."

In view of the recent decision of the Supreme Court in the matter of Bates, assignee, 118 Ill. 524, the County Court rightly refused to enter an order compelling appellees to sell their security.

The County Court found, at the time of allowing the claims, that all moneys received up to that time had been credited.

The County Court was right in ordering a dividend paid upon these claims as allowed, without reference to the fact that the claimants held security. The law upon this point is now settled in this State. In re Bates, 118 Ill. 524; Yates v. Dodge, 13 Northeastern Rep. 847.

The Supreme Court of the United States has also decided this question in the same way. Lewis v. U. S., 92 U. S. 618.

MORAN, P. J.    James W. Sykes made a voluntary assignment for the benefit of his creditors, which was duly filed, and the County Court proceeded to administer the insolvent estate.    Claims were proved against the estate to the amount of $265,885.92, and the assets which came to the hands of the assignee amounted to $47,787.68.

Appellant's claim was allowed for $92,253.19, and the claim of appellee, the American Exchange National Bank, for $106,800, and of appellee, the Canadian Bank of Commerce, for $27,400, were filed.    It appeared on taking the proofs of said claims, that appellees each held certain warehouse receipts for timothy seed, which had been issued to Sykes, and had been indorsed by him to the appellee banks respectively, as collateral security to the notes of Sykes held by the said banks.

Certain motions and counter motions were made by the parties and various orders were entered by the court, which, in the view we take of the case, it is unnecessary to allude to further than to say the result was, that each of the appellees realized on a portion of its collaterals and credited the amount so obtained on its claim, and the claim of the American Exchange National Bank, so reduced, was allowed by the court at $69,241.94, and the claim of the Canadian Bank of Commerce at $15,848.51.

At the time of such allowance of such claims, the American Exchange Bank held a balance of collateral undisposed of which was then worth at the market value $56,771.65, and the Canadian Bank held like collateral of the value of $12.236.49.

Appellant moved the court for an order directing appellees to realize on such balance of collateral held by them, but the court refused such order and entered an order finding that it was for the interest of all the creditors of the insolvent estate that said banks have leave to sell the collateral security held by them without prejudice to any of their rights, the proceeds of such sales not to be applied upon the indebtedness of Sykes to them, but to be held by them in all particulars as the collateral itself was then held, and it was so ordered.    Thereupon the American bank sold its said collaterals and received in

158    APPELLATE COURTS OF ILLINOIS.

Vol. 27.]    Mechanics Loan & Trust Co. v. American Ex. Nat. Bk.

money over all expenses $55,851.76, and the Canadian Bank sold and obtained the sum of $12,242.24. Shortly thereafter the matter of distribution by the assignee came on to be settled by the court, and appellant moved the court to direct the assignee to pay a dividend upon the amount of appellees' claims only, which should remain after deducting the net proceeds of said collaterals, which net proceeds were then in the hands of said appellees respectively; the court refused to so direct, but ordered the assignee to pay to said appellees upon the amount of their said claims as allowed, the same dividend as should be paid to other creditors of the estate.

This is the order chiefly complained of by appellant and it is contended by it that the security having been turned into cash, this case is on this point taken out of the rule as established in In re Bates, 118 Ill. 524. It is, among other things, clearly laid down in that case that the court has no power to compel the holder of the security to realize upon the same. The County Court then properly refused to direct appellees to sell the seeds held by them and credit the proceeds on their respective claims. It clearly appears from the record that appellees, in selling the balance of the seeds held by them, did so on the faith of the order of court that they might do so without prejudice to their rights, and might hold the proceeds as they held the collateral. The sale was for the interest of all the creditors and to prevent the collaterals from being eaten up by warehouse charges and other expenses.

We think the fact that the collaterals were turned into cash under such circumstances does not make this case an exception to the doctrine announced by our Supreme Court. The decisions in Iowa and New York are in support of appellant's contention, but the rule as announced in those States is not followed by our Supreme Court, but rather the doctrine which obtains in Pennsylvania as held in Morris v. Alwine, 22 Pa. St. 441, cited with apparent approval In re Bates, where the case is stated as one "of distribution under an assignment for the benefit of creditors, and a creditor by bond and by mortgage was held entitled to a *pro rata* dividend on his whole claim, even though he had collected the greater part of it out

of the mortgaged property, the amount collected and the dividend together not being sufficient to satisfy the debt. He was not restricted to a dividend on his claim, as reduced by the proceeds of the mortgage."

The order appealed from must be affirmed.

*Order affirmed.*

Garnett, J., took no part in the consideration of this case.