## Isidore Weil and Benjamin Weil v. Julius Jaeger.

1. PARTNERSHIP—*Marshalling Assets.*—It is a general rule that in the marshalling of assets, creditors of a partnership have no claim on the funds arising from the estates of the individual partners, until the individual debts are satisfied; and on the other hand, the creditors of the individuals can only seek payment out of the surplus of the partnership effects, after the satisfaction of the partnership liabilities.

2. SAME—*Payment of Firm Debts From Firm Property—Reason of the Rule.*—The members of a partnership have in equity a superior lien on the partnership property for the payment of the firm debts, and creditors of the firm may avail themselves of this equity of the partners to the exclusion of individual creditors if the equity has not been surrendered by the partners, but this right is one primarily inhering to the partners themselves and not to the creditors.

3. SAME—*Application of Individual Property to Payment of Individual Debts—Reason of the Rule.*—It is a doctrine of equity that a creditor who has two funds to which he may resort for payment, shall be required to exhaust the one in which he has an exclusive interest, before he goes upon the fund to which another creditor can only resort, and hence individual creditors have priority over firm creditors as to individual property.

4. SAME—*Partners may pay Individual Debts With Firm Property.*—The law does not recognize firm creditors as having a superior equity to individual creditors for payment from the partnership assets, and partners have a legal right to surrender partnership property in payment of the demand of an individual creditor.

5. SAME—*Taking Judgment Against Entire Firm as Affecting Rights Against Individual Members.*—The taking of judgment against all the members of a firm does not affect the right of a creditor to have his claim allowed against the insolvent estate of some of the members of the firm.

**Claim,** in insolvency proceedings. Error to the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 27, 1898.

MOSES, ROSENTHAL & KENNEDY, and H. P. SIMONTON, attorneys for plaintiffs in error.

In the administration of partnership affairs, solvent or insolvent, the rule is that the joint estate goes first to joint creditors, and the separate estate to separate creditors. Pahlman v. Graves, 26 Ill. 405; Rainey v. Nance, 54 Ill. 29; Adams v. Sturges, 55 Ill. 468; Union National Bank v. Bank of Commerce, 94 Ill. 271; Doggett v. Dill, 108 Ill. 560; Preston v. Colby, 117 Ill. 477.

This principle of law grows out of the doctrine, sanctioned by the law, that the partners themselves have a right to insist that the partnership property shall be first applied to the payment of firm debts, and to that end they are, in equity, given a lien upon the partnership property for that purpose. The creditors themselves have no lien, but this lien given to the partners inures to their benefit, and is worked out through them. The lien is solely dependent upon, and must be worked out through the rights of the several partners. It thus follows that if the partners, or any of them, sell their interest in the business to the remaining partners, those partners so selling out lose their lien. The old partnership, of which they formed a part, is dissolved, and

with the loss of their lien also falls the right of the creditors to have the partnership estate applied first to partnership debts.    Ladd v. Griswold, 9 Ill. 25; Hapgood v. Cornwell, 48 Ill. 64; Goembel v. Arnett, 100 Ill. 34.

It is well settled that when there is an assumption of debts by the continuing partners, and a person takes advantage of that assumption, and proves his claim with the continuing partner, he can not thereafter hold the original firm.    See on this subject:    Harris v. Lindsay, 4 Wash. C. C., 98, 271.    Regester v. Dodge, 6 Fed. Rep. 6; Baum v. Fryrear, 85 Mo. 151; Bank of Wilmington v. Almond, 1 Whart. 169; Buxton v. Edwards, 134 Mass. 567; Watts v. Robinson, 32 Up. Can. Q. B. 362.

The reasoning of these cases is that the creditor must treat the debt as continuing, or he must treat it as severed.    It is a self-evident proposition that either the six must be bound, or the two.    The debt can not be owed jointly by six, and at the same time owed jointly by two.    It is the same debt all the time.

The creditor must elect which remedy he will pursue. He is not compelled to rely upon the contract of assumption, but if he does so, he has ratified the severance of the contract, and is bound by his election.    Ward v. Green (Tex.), 30 S. W. Rep. 864.

Again, the doctrine of merger applies as an insurmountable objection.    Then, the claim has once been merged into judgment; it can not be again severed. Wann v. McNulty, 2 Gil. 355; Moore v. Rogers, 19 Ill. 347; Thompson v. Emmert, 15 Ill. 415; Mitchell v. Brewster, 28 Ill. 163.

WINSTON & MEAGHER, attorneys for defendant in error.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

Defendant in error, Jaeger, filed his claim for $1,933.85 against the insolvent estate of Howe & Bodenschatz, co-partners, doing business as the Haymarket Produce Bank. Plaintiffs in error, Weil Bros., who are creditors of the insolvents, filed exceptions to this claim. The exceptions were overruled by the County Court, and the claim of defendant in error was allowed. This action of the County Court is reviewed upon the writ of error here.

In 1892 six persons, of whom Howe and Bodenschatz were two, formed a co-partnership known as Arnold Bros., Baker & Co., for the purpose of conducting a banking business, to be known as the Haymarket Produce Bank.

Under articles of agreement the partnership commenced on the first of May, 1893, and was to expire on the thirtieth of April, 1903. Subsequent to the organization of the partnership Jaeger, defendant in error, opened an account in the savings department of the bank, and he received a passbook on which his deposits were entered by the clerk of the bank.

On November 4, 1895, the partnership was dissolved, and four of the six members of the firm sold out their interest in the assets of the bank to Howe and Bodenschatz, and to evidence the dissolution, an instrument was executed between the parties, whereby the retiring partners sold and transferred to the continuing partners, Howe and Bodenschatz, all right, title and interest in said co-partnership, and the continuing partners covenanted to save and keep harmless the retiring partners from all liabilities, etc.

At the time of the dissolution Jaeger had on deposit in the savings department of the bank $1,463.43.

Subsequent to the formation of the new partnership of Howe and Bodenschatz, Jaeger deposited at the bank, then carried on by Howe & Bodenschatz alone, the sum of $470 and some cents. The deposits were made at the same place, were entered by the clerk of the bank in the same passbook, in which his former deposits had been made. In January, 1896, and July, 1896, interest was credited by the bank to his passbook on the total amount of money standing to his credit in the passbook, which included all sums deposited with the bank prior to the date of the dissolution and subsequent thereto.

In August, 1896, Howe and Bodenschatz made the assignment for the benefit of their creditors to Boyd, assignee. In the schedule of liabilities made by the insolvents and given to the assignee, there appears the claim of Jaeger, defendant in error, for the sum of $1,933.85. In his claim for this amount filed with the assignee, Jaeger stated that it was for money advanced, loaned to and deposited with the insolvents.

After the filing of the claim, Jaeger impleaded the six former co-partners in a suit at law upon the same demand, and recovered a judgment against all for $1,750, which is part of the $1,933.85 here involved. No part of the judgment has been satisfied.

Plaintiffs in error contend that, the claim of Jaeger being in large part a claim against insolvents jointly with four others, it could not properly be allowed as a claim to participate generally and *pro rata* with creditors of the two insolvents; that the form of the claim filed, being for money loaned to and deposited with the two insolvents, precludes a claim for moneys loaned to them jointly with four others; that the assumption of liability by the continuing partners can not afford ground for this claim, as it was an individual and not a firm undertaking by the insolvents;

and finally, that the claim, as against insolvents, is merged in the judgment against the six original co-partners. The general rule in equity invoked by plaintiffs in error doubtless is, that in the marshalling of assets, creditors of a partnership have no claim on the funds arising from the individual estates of the partners, until the individual debts are satisfied; and, on the other hand, the creditors of the individuals can only seek payment out of the surplus of the partnership effects, after the satisfaction of the partnership liabilities. Pahlman v. Graves, 26 Ill. 405; Rainey v. Nance, 54 Ill. 29; Union Natl. Bank v. Bank of Commerce, 94 Ill. 271; Preston v. Colby, 117 Ill. 477.

The two parts of this proposition rests upon entirely different ground. The right to insist upon the application of the joint effects first to the payment of joint debts, is one primarily inhering to the partners themselves, not to creditors. The law does not recognize firm creditors as having a superior equity to that of individual creditors, for payment from the partnership assets. The members of the partnership have in equity a superior lien on the partnership property for the payment of the firm debts, and creditors of the firm may avail themselves of this equity of the partners, to the exclusion of individual creditors, if the equity has not been surrendered by the partners. Hapgood v. Cornwell, 48 Ill. 64.

On the other hand, the right in equity of the creditors of the individual partners to seek payment out of the individual estate of the partner, in exclusion of the creditors of the firm, has its foundation on the ground that it would be giving the latter an undue advantage to permit them to share in the separate estate, instead of resorting to the joint estate. "It is a doctrine of equity that a creditor who has two funds to which he may resort for payment, shall be required to

Weil v. Jaeger.

exhaust the one in which he has an exclusive interest, before he goes upon the fund to which another creditor can only resort." Ladd v. Griswold, 4 Gil. 36.

We are unable to see how the application of this doctrine can be of any avail to plaintiffs in error, who invoke it. If they seek as creditors of the individual, i. e., Howe and Bodenschatz, to compel defendant in error to resort first to the assets of the firm, i. e., the original firm of six, they are met by the difficulty that there are no such assets—for the assets of the original firm were conveyed to Howe and Bodenschatz by the dissolution agreement.

If plaintiffs in error, as creditors of the firm of Howe & Bodenschatz, object to the allowance of this claim as being an individual debt of Howe and an individual debt of Bodenschatz, then they are met by the difficulty that the equity of the partners, which they seek to invoke, has been surrendered by them. By the deed of assignment, the partners elected to treat this as a valid debt, and to subject their joint estate to its payment. This they had undoubted right to do, and no equity of plaintiffs in error intervened to prevent. Hapgood v. Cornwell, *supra*.

Cases involving somewhat similar conditions of fact with the case here, are found in *In re* Dawson, 59 Hun. 239; Thayer v. Humphrey, 64 N. W. Rep. 1007; *In re* Frow, 73 Pa. St., 459.

It is true that a showing was made in these cases of just what assets were turned over to the continuing by the retiring partners, while here it only appears that there was a release of all interest in the co-partnership, and hence in whatever assets there were, by the retiring partners. The principles governing, however, we regard as the same, and although differently expressed.

And in McCracken v. Milhous, 7 Ill. App. 169, a

case very like the one at bar, this court reached a similar conclusion, though upon somewhat different grounds. The court there held, in effect, that, in the absence of fraud, the admission of the insolvents, as to who are creditors, is conclusive upon other creditors. There, as here, the deed of assignment admitted the validity of the claim in question. The application of the rule there announced would be determinative of this case.

The contention that, because the claim filed by defendant in error recited that it was for money advanced, loaned to and deposited with insolvents, therefore no claim for the amount due from the original firm could be considered, we do not regard as tenable. It was for money advanced, loaned to and deposited with insolvents; either as the firm of Howe & Bodenschatz, or jointly with others, that this entire claim accrued.

The taking of judgment against the six original co-partners, did not affect the right of defendant in error to have his claim allowed. Union Natl. Bank v. Bank of Commerce, *supra*; Furness v. Union N. Bank, 147 Ill. 570; Mechanics L. & T. Co. v. American Ex. N. B., 27 Ill. App. 154.

The judgment of the County Court is affirmed.