Arnold v. Mangan.

---

## Adolph Arnold, Theodore Arnold, Herman Arnold and Benjamin F. Baker v. Richard Mangan.

1. Words and Phrases—"*Defendant*"—*As Used in a Justice's Judgment.*—The word "defendant," instead of defendants, when used in a justice's judgment, does not affect the validity of the judgment before the justice. The persons named in the summons, and who are served, or enter their appearance. are the defendants, and the word "defendant" must be held to include them all.

2. Justice of the Peace—*Formalities in Proceedings Before.*—The same technicality and formality is not required in proceedings before a justice of the peace as in suits in a court of record.

3. Commercial Paper—*Plaintiff's Ownership—How to be Shown.*— Ordinarily in a suit on a check or promissory note, the plaintiff's title is proved by the production of the instrument sued on, payable to himself or order, or indorsed so as to transfer the title to him.

4. Same—*Insufficient Proof of the Loss of the Instrument.*—An affidavit by the plaintiff in a suit upon a lost instrument, stating that the instrument had not been paid by the defendants or by any one for them; that it was not in his possession, or in the possession of any one for him; that he had not seen it since the day he purchased it; that he is not aware whether he indorsed it or not, but believed he did not, nor is he aware what he did with it or what became of it, is not sufficient evidence to support a finding of the legal title in him.

5. Same—*Duty of the Holder to Present for Payment.*—It is the duty of the holder of a draft to present the same to the payer within a reasonable time for payment.

6. SAME—*What is a Reasonable Time in Which to Present Commercial Paper for Payment.*—A reasonable time, in this case, in which to present a draft for payment, is the time required to transmit it from Chicago, where drawn, to New York, where it was payable.

7. SAME—*Burden of Proof When Paper is Not Presented for Payment.*—When a draft, drawn upon a bank, is never presented for payment, the burden of proof is upon the owner to show that the failure to obtain payment was not his fault, and that no damage has accrued to the drawers by reason of its non-presentation.

8. SAME—*Effect of Executing a Bond of Indemnity by a Plaintiff Suing upon a Lost Instrument.*—The fact that the court required the plaintiff, suing upon a lost instrument, to execute a bond of indemnity as a condition of rendering a judgment in his favor, does not affect the question of title. The plaintiff is still required to prove his ownership of the instrument sued on.

**Assumpsit,** on a draft. Appeal from the County Court of Cook County; the Hon. HENRY W. JOHNSON, Judge, presiding. Heard in this court at the October term, 1899. Reversed. Opinion filed May 21, 1900.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

The person in possession of an instrument is presumed to be the owner. Martin v. Martin, 174 Ill. 371.

The burden is on the plaintiff to show that his failure to obtain payment was not due to his fault, and that no damage has resulted to the drawer on account of his delay in presenting it. Stevens v. Park, 73 Ill. 387.

No appearance by appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for appellee, and against appellants, Adolph Arnold, Theodore Arnold, Herman Arnold and Benjamin F. Baker. The cause was tried in the Circuit Court, by the court, without a jury, on appeal from a judgment of a justice of the peace. The suit was commenced in the justice's court against all of the above named parties, and Gustavus A. Bodenschatz and Arthur J. Howe. The summons was served on all the defendants, except Howe, who entered his appearance before the jus-

Arnold v. Mangan.

tice, and the justice rendered judgment against all the defendants. The word "defendant" is used in the justice's judgment, no one of the defendants being named, except in the title of the proceedings, where they are all named. We do not think the fact of the word "defendant," instead of "defendants," being used, affects the validity of the judgment before the justice. Those named in the summons, and who were served or entered their appearance, were the defendants, and the word "defendant" must be held to include them all, as, otherwise, no particular defendant being named in the judgment, it would have to be held that there was no valid judgment against any of them, which appellee would hardly contend. The same technicality and formality is not required in proceedings before a justice, as in suits in a court of record. C. & R. G. R. R. Co. v. Whipple, 22 Ill. 105; Hall v. Lance, 25 Ib. 277.

Benjamin F. Baker only appealed from the justice's judgment. He filed his appeal bond with the clerk of the Circuit Court. The Arnolds and Baker and Howe entered their appearance, but Bodenschatz did not appear, nor was he summoned to appear on the appeal. Judgment was rendered against all the defendants except Bodenschatz.

The case was tried in the Circuit Court on a stipulation and the affidavit of appellee, which stipulation and affidavit are as follows:

"Stipulation provides that upon the trial of the cause the following facts shall be admitted without further proof than the presentation and filing of this stipulation:

"It is admitted that at the time of the issuing of draft number 1480 for the sum of $50, payable to R. Mangan & Co., the above named defendants were a copartnership carrying on the business of banking in the city of Chicago, under the name and style of Arnold Bros., Baker & Co. That about four months after the issuing of said draft the said partnership dissolved by mutual agreement of the parties composing the same, and all the assets of the said bank were sold to the defendants, Gustavus A. Bodenschatz and Arthur J. Howe, who assumed all the obligations of said partnership of Arnold Bros., Baker & Co. in connection with said banking business, and continued the said banking

business until they made an assignment for the benefit of creditors on the 24th day of August, 1896, to Charles L. Boyd, as assignee; and that said assignment is of record in this court; that at the time of the issuing of said draft and down to the 1st day of September, 1896, there was on deposit to the credit of Arnold Bros., Baker & Co. and their successors in business, sufficient funds to pay the draft in question if the same had been presented to the National Bank of North America, of the city of New York, on which the said draft was drawn, but the said draft was never presented, and no notice that it was not presented was ever given to any of the defendants prior to said assignment for the benefit of creditors, and prior to the withdrawal of the funds in the National Bank of North America by Charles L. Boyd, assignee for the creditors and the defendants, Howe and Bodenschatz; that on the 1st day of September, 1896, or within a few days prior thereto, all funds belonging to the defendants, or any of them, and held by the National Bank of North America to pay drafts drawn by the defendants, or any of them, doing business as Arnold Bros., Baker & Co. or as Howe & Bodenschatz, were withdrawn by the assignee for said Howe & Bodenschatz, and that on the first day of September, 1896, and down to the date of the trial hereof, there were no funds in the hands of the National Bank of North America, of the city of New York, available for the payment of the draft sued on in this suit, and the estate of said insolvent bank is not sufficient to pay twenty cents on the dollar of the claims allowed against it.

" Stipulation providing that in addition to the stipulation heretofore filed in this cause it is hereby stipulated by and between the parties, plaintiff and defendants herein, that on the trial of this cause, the affidavit of Richard Mangan filed herein shall be given the same force and effect as if the said Richard Mangan had testified to the facts and statements contained therein at the trial of this cause; and that the copy of the bond filed herein is a true copy of the bond given by the persons named in said copy of bond to Adolph Arnold, Herman Arnold, Theodore Arnold and Benjamin F. Baker, at the time of the dissolution of partnership between the defendants referred to in the stipulation formerly filed herein.

" It is further stipulated that the copy of the draft filed herein is a copy of the draft referred to in the stipulation of these proceedings heretofore filed."

Arnold v. Mangan.

Mangan's affidavit states:

" That he is plaintiff in this suit; that on the 11th day of June, A. D. 1893, he purchased a draft from the defendants herein, who were doing business as the Haymarket Produce Bank, for the sum of $50, and said draft was payable to R. Mangan & Co.; that the said draft was numbered 1480 and was drawn by the defendants upon the National Bank of North America, of the city of New York."

" The affiant further states that the said draft has not been paid by the defendants nor any of them, and that said draft is not now in the possession of the plaintiff, this affiant, nor in the possession of any one for him; that he has not seen the said draft since the day he purchased it; that he is not aware whether he indorsed the said draft or not, but believes he did not indorse it, nor is he aware what he did with the said draft or what became of it.

" This affiant further says that he first learned that the said draft had not been presented to the National Bank of North America, in the city of New York, and had not been paid, about the month of January or February, A. D. 1897; that he learned the facts because of an application to him by some person whose name he does not recall at present, who applied to this affiant to purchase his claim against the Haymarket Produce Bank for $50; that he then went to the assignee of said bank and found that this draft had been unpaid and unpresented; that shortly after beginning this suit he made a search among the papers in his possession, and in the several places in his office, store and house where he is in the habit of keeping his papers, to find the said draft, and he has since that time searched his files and office fixtures and other places where said paper would or might have been put, but has been unable to find any trace of the said draft; that from a period shortly after the purchase of said draft from the defendants his cash account was out $50, and that he was unable to discover how this arose; that about the month of November, 1895, one Tyrell, of Crystal Springs, Mississippi, with whom this affiant had been doing business, claimed that he had been overcharged a payment of $50, and upon examination of the statement and the invoices of the said Tyrell, it appears that he had been so overcharged, and that he was thereafter credited back the sum of $50.

" This affiant believes that the draft in question in this suit was purchased for the purpose of sending to said Tyrell, and that under the belief it had been sent to said

Tyrell, it was charged to him. That this affiant now believes that the said draft was never sent out of his premises, but was lost or mislaid and afterward destroyed.

"This affiant further states that the firm of R. Mangan & Co., in whose favor the said draft was issued, consisted at that time of this affiant only."

Plaintiff also offered in evidence a copy of the draft in controversy, which is in words and figures as follows, to wit:

"CHICAGO, June 11, 1895.                          No. 1480.
            THE HAYMARKET PRODUCE, BANK,
               ARNOLD BROS., BAKER & CO.
               143 W. Randolph St.
· Pay to the order of R. Mangan & Co. $50.00 fifty dollars.
            ARNOLD BROTHERS, BAKER & CO.
To NATIONAL BANK OF NORTH AMERICA, NEW YORK."

Plaintiff also put in evidence a bond executed by Howe and Bodenschatz and five other persons, running to the Arnolds and Baker as obligees, in the penal sum of $300,000, of date October 28, 1895. It is recited in the conditional part of the bond that December 23, 1892, Howe and Bodenschatz formed a partnership with the Arnolds and Baker to do a general banking, exchange, insurance and mortgage business, in the city of Chicago, under the name of the Haymarket Produce Bank, Arnold Bros., Baker & Co., proprietors; that May 1, 1893, they entered on said copartnership business, and have since so continued; that Howe and Bodenschatz are about to purchase the interest of the Arnolds and Baker in said business, and the former to sell the same to said Howe and Bodenschatz. The condition provides that if Howe and Bodenschatz shall well and truly pay or cause to be paid all liabilities and indebtedness of said copartnership, and save the Arnolds and Baker harmless, etc., then the obligation to be void, etc.

The court found for plaintiff for the sum of $50, the amount of the draft, and gave judgment accordingly. The appellee has not filed any brief.

The suit is on the draft of Arnold Bros., Baker & Co., and it is a vital question, affirmative proof of which is essential to a recovery, whether appellee is the legal owner of

the draft.    Ordinarily in a suit on a check or promissory note, the plaintiff's title is proved by the production of the instrument sued on, payable to himself, or order, or indorsed so as to transfer title to him.

In the present case the draft was not produced, and the only evidence offered to show legal title in appellee is the following in his affidavit:

" The affiant further states that the said draft has not been paid by the defendants, or any of them, and that said draft is not now in the possession of the plaintiff, or of any one for him; that he has not seen the said draft since the day he purchased it; that he is not aware whether he indorsed the said draft or not; but he believes he did not indorse it; nor is he aware what he did with said draft, or what has become of it."

It must be obvious that this statement is entirely consistent with the hypothesis that appellee transferred the legal title to some third person for value.    When appellee himself says that he does not know what he did with the draft, or whether or not he indorsed it, or what became of it, we are of opinion that the evidence is insufficient to support a finding of legal title in appellee.    The fact that the court required appellee to execute a bond of indemnity, as a condition of rendering judgment in his favor, does not affect the question.    Bond or no bond, appellee was bound to prove ownership of the draft at the time of the trial.    It was appellee's duty to present the draft within a reasonable time.    A reasonable time in the present case, is the time it would have required to transmit the draft or check from Chicago to New York for collection.    Industrial Bank v. Bowes, 165 Ill. 70, 75, 77.

The check was never presented to the bank.    Under these circumstances, the burden was on appellee of proving that the failure to obtain payment of the check was not his fault, and that no damage had accrued to the drawers by the non-presentation of the check.    Stevens v. Park, 73 Ill. 387.

Appellee not only failed to prove that the drawers were not damnified, but the evidence tends to prove the contrary When the check was drawn, June 11, 1895, the drawers,

Arnold Bros., Baker & Co., had money in the bank to their credit sufficient to pay it, and this money remained in the bank to the credit of that firm, at least till October 28, 1895, more than four months, when, at the last date, the Arnolds and Banker transferred their interest in the partnership business to Howe and Bodenschatz. Subsequently, Howe and Bodenschatz became insolvent, and, September 1, 1896, their assignee withdrew all funds in which they had any interest from the bank. Had the check been presented to the bank at any time between June 11, 1895, and October 28, 1895, funds sufficient to pay it being on deposit in the bank to the credit of the drawers, we must presume that, in the ordinary course of business, it would have been paid, and thus the indebtedness of the drawers, evidenced by the draft, would have been discharged.

Howe and Bodenschatz being equally liable with the Arnolds and Baker on the draft, and there being no evidence that the account with the bank of Arnold Bros., Baker & Co. was transferred to Howe and Bodenschatz on the books of the bank, the probability is that the check would have been paid if presented any time prior to September 1, 1896. But as it was, the money which should and would have been applied to the discharge of the indebtedness of the drawers, Arnold Bros., Baker & Co., was drawn out of the bank by the assignee of Howe and Bodenschatz, and must be first applied to the payment of the firm debts of Howe and Bodenschatz. Weil v. Jaeger, 73 Ill. App. 271, 276, and cases cited.

We think it clear, therefore, that the firm of Arnold Bros., Baker & Co., the drawers of the check, were, as a firm, damnified by the non-presentment of the check to the bank. On the theory of appellee that the drawers are liable, the Arnolds and Baker are damnified. Howe and Bodenschatz, who executed to them a bond of indemnity, have become insolvent, and therefore their security has been decreased. There is no evidence of the solvency of the other obligors.

The bond from Howe, Bodenschatz and others to the

Arnolds and Baker, was put in evidence by appellee, over the objection of appellants. The bond has not the least relevancy to appellee's case. There can be no recovery on it if the obligees are not damnified. They could not be damnified unless the drawers of the check, Arnold Bros., Baker & Co., are liable on the check, and the bond has not the least tendency to prove such liability. The trial having been by the court, without a jury, it must be presumed that the court ignored the bond, as being irrelevant.

Other questions are presented by appellants' counsel, the decision of which we do not deem necessary. The judgment will be reversed.