**Alfred Borrett, Appellant, v. John C. Petry, Appellee.**

**Gen. No. 5,093.**

1. RES JUDICATA—*when judgment sufficient to establish.* The same formality and technical accuracy is not required of a judgment of a justice of the peace as is required of the judgments of courts of record; in determining the effect of such a judgment as supporting the defense of *res judicata*, the substance should be regarded rather than its form.

2. EVIDENCE—*question calling for speculation upon future contingencies.* A question which asks for the result of a contingency which may or may not happen, is improper.

3. EVIDENCE—*right to re-examine witness.* It is within the sound discretion of the court to permit or to refuse to permit the reexamination of a witness.

4. EVIDENCE—*when admission of opinion harmless error.* Held,

that even though the admission of an opinion might have been erroneous, yet such error was harmless in view of the fact that the facts upon which such opinion was based had previously been stated, and likewise in view of the further fact that both sides had examined their witnesses in the same manner.

5. INSTRUCTIONS—*must not submit questions of law.* An instruction which permits a jury to determine what covenants if any are "implied by law," is erroneous.

Forcible detainer. Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

D. R. ANDERSON, for appellant.

J. W. RAUSCH, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action in forcible detainer commenced October 15, 1907, by Albert Borrett, before a justice of the peace, against John C. Petry. An appeal was taken from the justice of the peace to the Circuit Court of Grundy county where it was tried before a jury. A verdict was returned in favor of the defendant; judgment was rendered on the verdict and the plaintiff appeals and assigns several errors.

It appears from the record that Alfred Borrett, the appellant, is the owner of a farm of 103 acres in Grundy county, and on July 14, 1903, he leased the farm to John C. Petry, the appellee, for a term of five years beginning March 1, 1904. The lease provided among other things that at the expiration of the term the party would surrender the premises in as good a state and condition as reasonable use and wear thereof would permit. There are also agreements in the lease that the lessee shall not allow stock to run over said premises when the premises are wet and muddy; that the lessee shall trim all hedges and burn the brush; that the lessee "shall endeavor to keep all cockle burrs

subdued and all other obnoxious weeds in a like manner."

On February 7, 1907, the landlord served notice on the tenant demanding immediate possession of the farm, and on February 9th he began a suit in forcible detainer before a justice of the peace against Petry, the tenant, to regain such possession. The notice, summons and docket entry of the justice in the case begun February 9th were introduced in evidence on the trial of this case.

The docket entry is as follows: "State of Illinois, Grundy County SS. Alfred Borrett v. John Petry, in Justice Court before F. H. Clapp, J. P. Complaint is for possession. Complaint of Alfred Borrett for forcible entry and detainer dated February 9, 1907"; here follows a description of the same premises as those in controversy in this suit. The docket further shows the issuing of summons, service and a trial before a jury, that the jury returned a verdict finding "the defendant not guilty, whereupon it was adjudged by the court, defendant not guilty," signed by the justice. Proof was made by the plaintiff in the present case that he was the party who brought the suit February 9th and that no appeal was taken in that case.

Appellant testified that the farm was in first class condition when the tenant took possession, and that he, the landlord, had farmed it himself up to that time and that he had kept the weeds cut with the exception of a few; that there were no high cockleburrs. Appellant seeks to cancel the lease for the reasons that: (1) the tenant had allowed stock to run on the premises when the ground was wet and muddy; (2) that he had failed to keep the cockleburrs and other weeds subdued; (3) that he had failed to maintain the premises in as good condition as reasonable use would permit; (4) that he had committed waste; (5) that he had failed to trim hedges and burn the brush; (6) that he had failed to farm the premises in a husbandman-like manner.

The only proof with reference to stock running on the farm when the premises were wet and muddy was that on the 8th of January, 1907, when the tenant was from home attending a funeral, stock was on the ground when it was soft. There was proof on the part of the landlord by himself and others that weeds of various kinds, including cockeburrs and burdock, were growing on the roadside and in the fence rows, and that no weeds had been mowed on the farm that season; while on the other hand, the proof on the part of the tenant was that he had pulled all the cockleburrs and mowed all the weeds; that he went through the corn three times, and after corn plowing went through it again, taking three or four rows at a time, for the purpose of subduing cockleburrs and other weeds, and pulled the noxious weeds; that he mowed all the weeds along the highway and along the fence rows the first of July, and again about a month later, and that there were no noxious weeds that had seed when this suit was begun. The landlord testified to finding weeds maturing, before the trial was had before the justice, and other witnesses testified to the same thing, and that subsequently to that time they found noxious weeds going to seed. Appellant testified to what he saw on the farm as late as November 14th and produced in court and introduced in evidence a sack containing burdock and cockleburrs that he claimed to have gathered on the farm a few days after the trial of this case before the justice. A number of witnesses testified that the land was farmed in a good and husbandmanlike manner. There was also proof on the part of appellant that the hedge had been trimmed and the brush piled up, but that prior to the beginning of the last suit before the justice some of the brush had not been burned and that some boards had been taken from the bottom of a corn crib for some reason.

It is urged that the court erred in admitting in evidence the record of the justice court of the case be-

gun February 9th and disposed of February 15th on the ground that the docket does not show a judgment. The docket shows that the case was between the same parties and concerning the possession of the land in controversy in this case, and that the defendant was adjudged not guilty of a forcible detainer. While the judgment is somewhat informal it shows that the right of the landlord to oust his tenant from possession was adjudicated against the landlord in that suit. It is true there is no judgment for costs but there is an informal judgment upon the matter in controversy. "The sufficiency of the writing claimed to be a judgment should always be tested by its substance rather than by its form." Black on Judgments, sec. 115. The docket of the justice shows in substance, and not by inference, that the rights of the parties as to the possession of the farm were determined and adjudicated by the judgment of February 15th. When the entire record of the justice in that case is read together we think it is a sufficient judgment to bar a subsequent proceeding for the same cause of action. The same technicality and formality is not required in proceedings before a justice of the peace as in suits before courts of record. C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105; Hall v. Lance, 25 Ill. 277; Arnold v. Mangan, 89 Ill. App. 327. There was no error in admitting in evidence the record of the suit begun February 9th and the judgment in that case was a bar to everything that was tried or might have been tried therein, and to any right to cancel the lease for anything that happened prior to the beginning of that suit. Bailey v. Bailey, 115 Ill. 551; In re Assessment of the Northwestern University, 206 Ill. 66; Keeley Brewing Co. v. Mason, 116 Ill. App. 604.

It is claimed that error was made in sustaining an objection to a question asked of appellant's witness, Wrenny, as to what would have been the result to the farm if the weeds were allowed to develop in the same way as they had developed during that year from the

time the witness visited the farm from about the first of September or October, until the termination of the lease in 1909. The question asked for the result of a contingency which might or might not happen. The question for the jury to try was the condition of the farm at the commencement of this suit—was there cause for the cancellation of this lease? The question was asked upon a re-examination of the witness. The right to re-examine a witness is a matter within the sound discretion of the court and he had been asked and had answered upon his original examination as to whether in the condition he saw the place in the fall of 1907 it was being farmed in a husbandmanlike manner. There was no error in the ruling of the court upon this question.

The appellant complains that several witnesses were permitted over the objection of appellant to be asked the question whether in their opinion the farm was worked in a good and husbandmanlike manner during the farming season of 1907. The witnesses were first asked to state what facts they saw. Error in permitting a witness to state his opinion may be harmless when he has stated the facts. City of Joliet v. Johnson, 177 Ill. 178. The record also shows that appellant had asked the same question of his witness, Wrenny, and that witness had answered that the farming he saw there was not considered good farming. We think the appellant should not complain of a question asked by his adversary, when the appellant first asked and had the same question answered by his own witness. We are of the opinion however that the witnesses should have described what they saw, and then a hypothetical question might have been asked as to what constitutes proper farming in order to subdue noxious weeds. It is argued that farming is not a subject of expert testimony. The opinions of farmers are admissible on matters peculiarly within their knowledge. Lawson on Expert Ev. 15; Ency. of Ev. 553. Mechanics, clerks and other jurymen having no experi-

ence in farming, might be enlightened by the opinions of practical farmers. The evidence showed these witnesses were practical farmers, but for them to say what they saw was good farming was permitting the witnesses to pass upon the question that was submitted to the jury. However as both sides proved by the witnesses what they saw, and introduced the same character of evidence, the error was harmless.

It is also claimed that the appellant had the right to cancel the lease because two or three piles of hedge brush had not been burned. The lease contains no provision as to the time when the hedge shall be cut and the brush burned. It was not claimed that the hedges were not cut and the brush piled in proper season; the only claim is that some few brush piles had not been burned when the suit was begun. That could be done at any time before the termination of the lease provided the farm could be surrendered to the landlord in as good condition as when the tenant took possession.

The provision of the lease regarding weeds is that "the party of the second part shall endeavor to keep all cockleburrs subdued and all other obnoxious weeds in a like manner." The appellee was required by this clause to use all reasonable effort to comply therewith. It was a question for the jury to say whether they believed the testimony of appellee concerning his efforts to subdue the weeds and whether he had used reasonable efforts to endeavor to keep the weeds subdued.

It is also insisted there was error in refusing instructions asked by appellant. The first instruction was properly refused for the reason it told the jury that if they believed the defendant had violated any of his covenants either expressly in the lease or *implied by law* then the plaintiff had the right to terminate the lease. The instruction was erroneous in that it left the jury to say what covenants were implied by law. The second instruction was properly refused be-

cause it told the jury that if they believed the defendant did not keep the buildings and premises in as good condition as they were at the time of taking possession then the plaintiff had the right to terminate the lease. The covenant in the lease is to return the premises at the termination of the lease in as good condition as when received, reasonable wear excepted. This does not require that they should be so maintained at all times. The third instruction was concerning stock running on the premises when the premises were wet and muddy. There was no proof concerning stock being on the premises when the land was wet subsequent to the beginning of the suit of February 9th. There was no reversible error in refusing that instruction. The fourth was properly refused for the same reason as the second. The fifth was given in number one of appellant's given instructions. The sixth was given in other instructions. The court modified some instructions and gave them as modified. No complaint however is made of the modification of the instructions asked by appellant nor any criticism made upon such modification. The court by the modification however did erroneously make the suit begun February 9th a bar to everything prior to February 15th, the date of the trial, when it should only have been a bar to matters before its commencement. The error was harmless as there was no proof whatever as to any facts that occurred between January 8, 1907, and corn plowing time, and appellant has raised no question upon this improper modification. Finding no reversible error in the case the judgment is affirmed.

*Affirmed.*