## MOBLEY, Ex'r, v. PICKETT.

1. P agreed with H, to purchase a slave of him, at the price of $600, in Alabama bank notes, and paid one hundred down, the slave remaining in the possession of H. P afterwards tendered the amount in Georgia bank notes, which H declined to receive, but told P to take the money and exchange it for Alabama bank notes, and if he could not do so, he would pay back the money. P afterwards, sued the representative of H, for the $100. Held, that this was, in effect, an unconditional rescission of the contract, and the failure of P afterwards to tender the Alabama notes, and demand the slave, a proof of his inability to make the exchange.

Error to the Circuit Court of Pickens.

Assumpsit by the defendant, against the plaintiff in error.

Upon the trial, the plaintiff introduced an instrument in writing, as follows:

" Received of Tolman C. Pickett, the sum of one hundred dollars, in part for a negro woman named Mary, which I have this day conditionally sold, for the sum of six hundred dollars, the remaining five hundred dollars to be paid to me, on or before the 20th of February next. It is understood and agreed, between Mr. Pickett and myself, that said negro woman Mary, is to remain in my possession, as my property, until the payment of the said five hundred dollars, in the bills of the Bank of Alabama and its branches, and upon the payment of the said five hundred dollars, I do hereby bind myself, my heirs, executors, &c. to deliver possession of said negro, to the said Pickett, as his property.    30 Dec'r, 1840.

WILLIAM HALSETT."

Plaintiff also proved, that in the latter part of the year, 1841, or about the first of 1842, he offered to pay him the five hundred dollars in Georgia money, which Halsett declined to take, but told plaintiff to take the money, and exchange it for Alabama notes, and if he could not so exchange it, he would pay back the hundred dollars he had received, as he did not wish any man's money for nothing. Halsett died not long after the interview.

13

The defendant asked the court to instruct the jury, that plaintiff could not recover the money back, by force of the original contract, without showing that he had offered to comply with the condition on his part, of paying the $500, unless Halsett was shown to have refused to comply on his part, by making title when plaintiff made such offer, which instruction the court gave. Further, that the plaintiff could not recover by virtue of the testimony deposed to, taken in connection with the original transaction, unless he proved, that he made efforts to exchange the Georgia money for Alabama notes, and failed to effect it, which the court refused, and instructed the jury, that the burthen of proof, to show a failure of compliance, must come from the other side. To which the defendant excepted, and which is now assigned as error.

BLISS & BALDWIN, for plaintiff in error.

W. COCHRAN, contra.

ORMOND, J.—This case lies within a narrow compass. The deceased agreed to rescind the contract, and return the one hundred dollars he had received upon it, if the defendant in error was unable to exchange his Georgia, for Alabama notes. As the condition to be performed, was one in which the deceased had no interest, it was, in effect, an unconditional rescission of the contract, and his failure to tender the Alabama notes, and demand the slave, is proof of his inability to make the exchange.

This will be evident, if we reverse the case, and suppose the plaintiff to be insisting on the contract as subsisting, and after a tender, to bring this suit for the slave. The conclusive answer to it would be, that his omission to tender the Alabama notes, within a reasonable time, was evidence that he elected to consider the contract at an end, and as it could not be in force as to one of the parties, and rescinded as to the other, it must of necessity be rescinded as to both.

Let the judgment be affirmed.