William C. Smith, Appellant, *v.* Mary E. Smith *et al.,* Appellees.

APPEAL FROM MACON.

Where a party filed his bill to enforce a contract made with his father, by which complainant was to support the father until his death, and in consideration was to have the farm of his father ; but it appeared that after the death of the father he filed his claim against the estate of his father for his services, etc., and was allowed therefor : *Held,* that the claim against the father's estate for compensation, was a disaffirmance of the contract set up in the bill, and that the complainant was without equity.

The bill alleges that complainant, in the year 1841, being twenty-one years old, was living with his father, Robert Smith ; that a contract was made between himself and father, by which complainant agreed to take care of, support and maintain his said father during the natural life of said Robert ; and that, in consideration thereof, the said Robert, the father, agreed to sell,

give and convey to complainant the farm on which he resided, and which is particularly described in said bill; that said contract was parol.

It is alleged that, in pursuance of said contract, complainant took possession of the farm, and since said contract has had possession thereof, and has made lasting and valuable improvements; that complainant complied with his contract until the death of his father; and that the services he rendered were worth the sum of $3,000; that the father died in March, 1855; that the father, before his death, made his will, intending to execute his part of the contract, but complainant being one of the two witnesses to the will, it was thereby rendered inoperative; that defendant, Mary E. Smith, grand-daughter of said Robert, had filed her petition for partition of said lands.

It is alleged that the said Mary E. Smith had received certain lands, by way of advancement, from her grand-father, which it is prayed she bring into hotchpot, as well as a large amount of personal property.

The heirs of the said Robert are all named, and made defendants in this bill; that Andrew J. Smith and Henry Traughber were the executors of the estate of said Robert; and that the personal estate of said Robert is insufficient to pay debts, including the above sum of $3,000.

The complainant prays for an injunction, which was allowed, and for a specific performance of the contract; but if a conveyance is not decreed, that complainant be allowed the sum of $3,000, the value of his services, to be given him in the partition of the land.

The Laws, such as were minors, answer by their guardian *ad litem.*

The defendants, Andrew A. Smith, Traughber and wife, Jas. P. Law and Jane Smith, file no answers, and the bill is not taken for confessed or dismissed as to them, nor are they noticed in any part of the case after the bill.

The defendant, Mary E. Smith, files her answer and denies the existence of any such contract as set forth in the bill; sets up and insists upon the statute of frauds; she denies that complainant took possession in pursuance of such contract; that, being the youngest son, and living with his father at the time of the alleged contract, he continued to live with his father, as is usual in such cases; that Robert Smith had the possession, paid taxes, etc. It is denied that the situation of Robert Smith was such as to require any such attention as set forth in bill; that said Robert was able, and had abundant means to take care of and support himself, and did so; that complainant, for his own benefit, lived with his father; that he tilled the farm free of

rent, and used farming utensils, and his father gave him all he could make off said farm; all which was worth more than the $3,000.

That complainant had filed a claim in County Court of Macon county, which had been allowed him upon his own oath, and being for the same services.

The said Mary also denies that she received land from her grand-father by way of advancement, as charged in the bill.

It is agreed in this case:

1st. That the record below should show that complainant, by leave of the court, amended his bill so as to strike out the word " wife " wherever it occurred.

2nd. That the lands described in the bill, together with other lands owned by complainant, were assessed in the names of himself and father jointly, and that the taxes on the same were generally paid by complainant, and the receipt taken in the names of himself and father.

3rd. It is further agreed that the defendant below proved that complainant had recovered a judgment against the estate of his father, in the County Court of Macon county, for the sum of $3,000, for the same services charged in the bill as the alleged consideration of the land; that the personal estate of the father was insufficient to pay debts, including said sum of $3,000; that the administrators of the father's estate filed a petition in said court to sell the real estate to pay debts, including said sum of $3,000; but that all proceedings under said petition have been suspended since the filing of complainant's bill.

4th. It is further agreed that all objection is waived as to form; that the evidence is not copied in the bill of exceptions; and because the issue was not made up or default taken against part of defendants.

5th. That the record and this agreement present all the facts in this case.

The court below, EMERSON, Judge, presiding, rendered a decree dissolving the injunction and dismissing the bill at complainant's costs, and complainant prayed an appeal.

STUART & EDWARDS, for Appellant.

A. B. BUNN, for Appellees.

BREESE, J. Whatever may have been the contract between the appellant and his father, in relation to the lands claimed in his bill, it was rescinded, after his father's death, by the act of appellant himself.

The proofs show that appellant presented his claim before the Probate Court, against his father's estate, for the very services which he now claims were the consideration of the sale of the land to him, and recovered a judgment for three thousand dollars, being the full measure of his compensation, as fixed by himself. He has thus disaffirmed the very contract which he now seeks to enforce against the legal representatives of his father. This he cannot do. In *Herrington* v. *Hubbard*, 1 Scam. R. 569, this court say : " Bringing a suit to recover back the consideration money, after a breach of the contract, is equivalent to an express disaffirmance of the contract, and is to be regarded as sufficient evidence of the determination of the party to treat it as rescinded, inasmuch as the consideration can only be recovered back on the ground of a disaffirmance of the contract."

We see no difference, in principle, between that case and this. This disposes of the whole case, rendering it unnecessary to consider the statute of frauds in connection with it, or the doctrine of part performance, as taking a case out of the operation of that act. When such a case is fairly presented, the views of the court upon the whole doctrine will be fully expressed. Now it is not necessary.

The decree is affirmed.

*Decree affirmed.*