GOODMAN et al. v. WOLF et al.

(Supreme Court, Appellate Division, First Department.   June 24, 1904.)

1. VENDOR AND PURCHASER—BREACH OF CONTRACT—DAMAGES—MEASURE.

    The vendee's damages for the vendor's breach of a contract to convey real property is the difference between the contract price and the value of the property at the time of the breach, as profits or advantages which are the direct fruits of the contract.

2. PLEADING—BILLS OF PARTICULARS—CLAIM OF GENERAL DAMAGE—SUFFICIENCY.

    In an action for breach of contract to convey real property, a claim in a bill of particulars of $5,000 damages "for loss of bargain," being for general damage, not susceptible of division into parts, is sufficiently definite.

Appeal from Special Term, New York County.

Action by Abraham Goodman and others against William Wolf and others.   From an order requiring plaintiffs to serve a verified bill of particulars, they appeal.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jacob Manheim, for appellants.
William M. Mullen, for respondents.

PATTERSON, J.   The order appealed from, which requires the plaintiffs to serve an additional bill of particulars, must be reversed. The plaintiffs and the defendants entered into a contract for the exchange of real property in the city of New York.   The plaintiffs bring this action to recover damages for a breach of the contract; the complaint alleging the making of the contract, the readiness and willingness of the plaintiffs at the date fixed for performance to carry it out, the refusal of the defendants so to do, and damage accruing to the plaintiffs by reason of that refusal; such damage amounting to the sum of $5,000.   The answer admits the making of the contract, and that the defendants did not deliver to the plaintiffs a deed of the property to be conveyed by them under the contract; and then it is set up as an affirmative defense that the defendants were induced by fraudulent representations of the plaintiffs to enter into the contract, and that they were put to the expense of examining the title to the property to be conveyed by the plaintiffs under the contract, and they seek to recover back the amount thus paid.   The defendants, after issue joined, made a motion to require the plaintiffs to serve a bill of particulars of the damage they claim to have sustained by reason of the defendants' breach of the contract; and thereupon a bill was served, stating that $5,000 was claimed "for loss of bargain," and $225 for counsel fees for examining the title.   Credit was given for the sum of $200 paid by the defendants on account of the contract, thus leaving a payment outstanding of $5,025.   Thereupon the defendants moved for a further bill of particulars of the items constituting the charge of $5,000, and the court has ordered such a bill to be filed. No suggestion is made of indefiniteness in the words "loss of bargain."

It is apparent that this item of $5,000 is for general damage, and is not susceptible of division into parts. This is the ordinary action for the breach of a contract to convey real property, and, for all the purposes of the action, and with respect to the land to be conveyed by the defendants to the plaintiffs, the plaintiffs are the vendees, and the defendants the vendors. Upon making proof of the cause of action as pleaded, the plaintiffs would be entitled to but the one item of damage, independent of the fees for examining the title; the ordinary rule of damage for such a breach being that where a vendor has the title, and for any reason refuses to convey it as required by his contract, he shall respond in law for the damages, in which he shall make good to the plaintiff what he has lost by his bargain not being lived up to. This gives the vendee the difference between the contract price and the value at the time of the breach as profits or advantages which are the direct and immediate fruits of the contract. Griffin v. Colver, 16 N. Y. 489, 69 Am. Dec. 718; Durkee v. Mott, 8 Barb. 423; Underhill v. Gaslight Co., 31 How. Prac. 37; Masterton v. Mayor, 7 Hill, 61, 69, 42 Am. Dec. 38; Pumpelly v. Phelps, 40 N. Y. 66, 100 Am. Dec. 463. The same rule is laid down in Sloan v. Baird, 162 N. Y. 332, 56 N. E. 752.

The bill of particulars served was therefore sufficient. It specifically stated that the $5,000 was for "the loss of bargain," and it is stated almost in the language used by the court in Pumpelly v. Phelps, supra.

The order should be reversed, with $10 costs and disbursements, and the motion for a further bill of particulars denied, with $10 costs. All concur.