(78 Misc. Rep. 410.)

## HANOVER BUILDING CO. v. JACOBS.

(Supreme Court, Appellate Term, First Department.   December 6, 1912.)

1. VENDOR AND PURCHASER (§ 31*)—CONTRACT—MUTUAL MISTAKE.

Where neither party to the original contract to convey to plaintiff's assignors, as a part of which defendant agreed to make a building loan, was able and willing to perform the contract, because the building law required a different kind of building from that agreed to be erected, of which both parties were ignorant, plaintiff could not sue for damages for defendant's breach by refusing to convey.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 35–37; Dec. Dig. § 31.*]

2. VENDOR AND PURCHASER (§ 351*)—BREACH OF CONTRACT—DAMAGES.

While an amount paid under a contract to purchase land could be recovered as money had and received upon the contract becoming unenforceable, it could not be recovered in an action for damages for breach of the contract to convey, nor could the expenses incurred under the contract be recovered in such action.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1047–1058; Dec. Dig. § 351.*]

Appeal from City Court of New York, Trial Term.

Action by the Hanover Building Company against Solomon Jacobs. From a judgment for plaintiff, defendant appeals.   Reversed, and new trial granted.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Paul Hellinger, of New York City (Benjamin Levinson, of New York City, of counsel), for appellant.

J. A. Seidman, of New York City, for respondent.

PAGE, J.   This action was brought to recover damages for breach of contract.   The facts are that the defendant and the plaintiff's assignors entered into a contract for the sale of land by the defendant to the plaintiff's assignors, in which the defendant agreed to make a building loan of $45,000, to be advanced in installments, during the construction of two five-story buildings, in accordance with plans to be prepared; each building to contain 16 rooms on each floor, excluding the bathrooms, and excluding the finished basement for the janitors' apartments.

It developed, when plans were prepared, that such houses could not be erected in compliance with the tenement house and building laws; that it would either be necessary to build retaining walls on adjoining property, or so reduce the size of the house that the required number of rooms could not be placed on each floor, or omit the quarters for the janitor in the basement.   Several adjournments were had to allow the obtaining of consents to be allowed to build the retaining wall. But, failing in this, the parties met on February 24, 1911, at the office of defendant's attorney, and the attorneys representing the parties dictated to a stenographer their respective offerings and demands, from which it appears that the defendant was unwilling to make the loan

of $45,000 unless the purchasers agreed to finish the basement suitably for janitors' apartments as required by the contract, or offered to deduct from the loan the sum that would be required to so finish the basement, or he was willing to deliver the deed on the receipt of the price for the lots and not make a loan.

The plaintiff's assignor offered to take the deed, if defendant would make the loan and waive the requirement as to a finished basement; or they were willing to take the deed of the lots without a loan, and pay therefor a reasonable price for the lots without a loan, to be ascertained either by appraisal or by deducting an amount that would equal the rates that are usually charged for building loans in connection with the sale of lots. It was conceded that the plaintiff was ready, willing, and able to pay the balance of the purchase price, and that the defendant had an executed deed and a bond and mortgage for $45,000 present, and that no objection was made to the forms thereof. It thus appears that the construction of a building in exact compliance with the terms of the contract was a necessary condition in the contract, and, unless this was possible, neither party was willing to complete the contract. This was rendered impossible by the provisions of the tenement house and building laws.

[1] The complaint is framed upon the theory of an action for damages for breach of the contract; but it seems that, under the circumstances which developed, owing to a mutual mistake, neither party was able or willing to perform the original agreement. There is no question but that the lots agreed to be conveyed were of the size specified in the contract. We see no theory upon which the judgment can be sustained. The alleged representation was an expression of opinion as to the correctness of which the plaintiff's assignors, who were builders, were as competent to judge as the defendant. The most that can be urged is that the contract was entered into through a mutual mistake.

[2] Plaintiff's counsel argues in his brief that the judgment should be either affirmed or reduced to $500, and, as modified, affirmed on this theory. But that is an entirely different form of action, with an entirely different measure of damage. The plaintiff could sue to recover the $500 paid on the execution of the contract as money had and received, but he could not recover for his expenses.

The judgment will therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.