HORTENSE U. LOEB, Appellant, *v.* CHARLES P. GOLDSMITH, Respondent.

SAMUEL LOEB, Appellant, *v.* CHARLES P. GOLDSMITH, Respondent.

First Department, March 23, 1917.

Bills and notes — surrender of promissory note upon maker's agreement to pay therefor in merchandise — effect of subsequent refusal of defendant to deliver merchandise — when action on note revived — parties — defect of parties appearing upon face of pleading — demurrer proper remedy.

Where the plaintiff, who held a promissory note of the defendant, surrendered the same upon the defendant's promise to deliver a quantity of jewels in payment of the note, but the defendant refused to deliver

the jewels, the plaintiff was entitled to rescind the agreement and to maintain an action on the note.

Under such circumstances, the action on the note survived and the plaintiff was not bound to resort to the more uncertain remedy of suing for damages for the defendant's breach of contract.

Where a defect of parties defendant appears upon the face of the complaint an objection thereto is waived by the defendant's failure to demur upon that ground.

APPEALS by the plaintiffs in each case, Hortense U. Loeb and Samuel Loeb, from judgments of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of June, 1916, upon dismissals of the complaints on the opening in each case.

*Walter J. Rosenstein,* for the appellants.

*Alvin C. Cass,* for the respondent.

SCOTT, J.:

These cases are identical in their facts, except that the plaintiffs are different. Each action is upon a promissory note made by the firm of Chas. P. Goldsmith & Co., composed of the defendant and one Isaac Loeb. The cases were to have been tried together, and the complaints in both cases were dismissed upon counsel's opening.

The complaint and the opening taken together indicated that the notes had been surrendered to defendant upon his promise to deliver to the plaintiffs a quantity of jewels and precious stones which plaintiffs had consented to accept in payment of the notes, reconsigning them to defendant for sale; that after the notes had been delivered up defendant refused to fulfill his part of the agreement to deliver the jewels and precious stones, whereupon plaintiffs revoked and rescinded their agreement to accept payment of the notes in merchandise. We must assume on this appeal that the plaintiffs would have been able, if permitted, to substantiate by proof the allegations of their complaints and of the opening. So assuming it was erroneous to dismiss the complaints. The agreement to accept the merchandise in payment of the notes was never fully executed, owing to defendant's refusal to carry it out. Upon such refusal the

plaintiffs were no longer bound by their agreement and were acting well within their rights in rescinding it. Their causes of action upon the notes still survived and it is that which they now seek to enforce. They are not bound to resort to the more uncertain remedy of suing for damages for defendant's refusal to carry out his agreement to deliver merchandise in payment. (*Graves* v. *White*, 87 N. Y. 463.)

The defendant waived the objection that there was a defect of parties defendant, if there was such a defect, by failing to demur upon that ground, for the defect, if it existed, was apparent upon the face of the complaint. (Code Civ. Proc. §§ 488, 499; *Ward* v. *Smith*, 95 App. Div. 432.)

The judgments appealed from must both be reversed and new trials granted, with separate bills of costs to each appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

In each case judgment reversed, new trial ordered, costs to appellant to abide event.