ABRAHAM I. SHAPIRO, Appellant, *v.* ROBERT BENENSON, Respondent.

First Department, December 14, 1917.

Principal and agent — broker's action for commissions — release of commissions earned in consideration of new contract of employment — breach of second contract — election of remedies — right to recover consideration released or for breach of second contract — rescission — tender — damages — failure to show purchaser for lands was willing and able to perform — nominal damages — appeal — reversal where plaintiff may be able to show substantial damage.

Where the plaintiff, having been employed as a broker to sell or exchange lands and having procured a person willing to exchange, agreed with his principal, the defendant, to release his claims for commissions in consideration of the defendant's agreement to make the plaintiff his sole selling agent for the lands to be taken in exchange and to give him as compensation the amount which the plaintiff might secure from purchasers over and above a stated amount, etc., but the defendant made a breach of his agreement by refusing to make the exchange with the person originally procured by the plaintiff, so that he was unable to convey the lands to purchasers subsequently procured by the plaintiff, the latter had an election either to disaffirm the second contract of employment and recover, or be restored to the consideration with which he parted on making it, that is to say, to the commissions earned under the first contract, or to recover damages from the defendant for a breach of the second contract.

There was nothing which the plaintiff was called upon to tender back on rescinding the second contract for he had received nothing thereunder, nor was it necessary for him to allege a rescission as the bringing of the action constituted an election.

Complaint examined, and *held*, sufficient to justify a recovery either upon the theory that the action was in disaffirmance of the second contract of employment by reason of the defendant's breach thereof and for the recovery of the consideration, or whether it be considered as an action for damages for the breach of the second contract.

But the plaintiff can only recover the commissions earned under the first contract of employment, which he released as a consideration for the second contract, where he elects to rescind the second contract, and where he brings an action for the breach of the second contract he affirms it and irrevocably elects to pursue his remedy for such damages for the breach of the second contract as he may be able to show and necessarily concedes that the defendant is entitled to retain the commissions earned under the first contract.

In order to recover for a breach of the second contract the plaintiff must show that he produced a customer for the lands which the defendant had agreed to take in exchange, who was ready, willing and able to purchase the same, and on failure of such proof he is not entitled to recover substantial damages.

But although the plaintiff, on the theory adopted at trial, is not entitled to recover substantial damages, he has established a right to nominal damages by proof of the defendant's breach of the second contract of employment, and while the appellate court will not reverse a judgment to enable a recovery of merely nominal damages, where a party entitled to such damages has not received the same and it can be shown that on a new trial he may be able to show substantial damages and that injustice may be done by allowing the erroneous decision to stand, the appellate court may reverse because of the error and give the plaintiff an opportunity to show and recover substantial damages.

APPEAL by the plaintiff, Abraham I. Shapiro, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 10th day of April, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from an order entered in said clerk's office on the 4th day of April, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Eugene Cohn,* for the appellant.

*Anthony J. Romagna,* for the respondent.

LAUGHLIN, J.:

The plaintiff alleges that he was employed as a broker by the defendant to sell or exchange a parcel of land owned by the defendant for a commission of one per cent of the consideration on the sale or exchange; that he negotiated an exchange of defendant's premises with one Weisman and that the agreed value of the defendant's premises on the exchange was $75,000. These facts were admitted by the answer. The plaintiff next alleged that the defendant thereupon became indebted to him for the sum of $750. That allegation was denied, but such indebtedness necessarily followed from the facts alleged. The plaintiff further alleged that thereafter and on or about the 20th day of April, 1914, when the defendant and Weisman were about to execute the exchange of their respective properties, plaintiff and defendant made a

further agreement whereby plaintiff agreed to surrender and release his claim for commissions for negotiating the exchange in consideration of defendant's agreement then and there made to execute a contract for the exchange with Weisman and to perform the same by acquiring title to the parcels which Weisman was to convey to him and to constitute the plaintiff his sole selling agent for the premises for a limited period and to pay the plaintiff for his full compensation for the services theretofore rendered and thereafter to be performed the amount which the plaintiff might secure from the purchaser of one of the parcels over and above $12,750, and of the other parcel over and above $4,750, and that plaintiff and defendant executed agreements in writing to that effect. It is then alleged that plaintiff thereupon entered upon the performance of the second employment and within the time during which he was given the sole selling agency procured a purchaser for one of the parcels who was ready, willing and able to pay therefor the sum of $14,000; and procured a purchaser for the other parcel who was ready, willing and able to pay therefor the sum of $5,000; but that defendant failed to perform his agreement with the plaintiff in that he failed to perform his agreement with Weisman or to acquire title to the parcels to be exchanged by Weisman and thereby was unable to convey the same to the purchasers so secured by the plaintiff, and solely for that reason defendant failed to enter into contracts with the purchasers procured by plaintiff, to plaintiff's damage in the sum of $1,500.

On the trial the plaintiff abandoned any claim for damages on account of defendant's failure to accept the purchaser plaintiff claimed to have procured for the parcel for which $5,000 was to be paid. The plaintiff, however, showed that he negotiated a sale of the other parcel to one Seaver *for a builder* whose name was not disclosed and from the testimony of the plaintiff it is to be inferred defendant did not ask that it be disclosed. The plaintiff's testimony with respect to this sale is to the effect that he first received from Seaver and submitted to the defendant an offer for an undisclosed customer of $14,000, forty per cent in cash, the balance to be secured by a second mortgage on the premises and buildings

to be erected by the customer; that this proposition was acceptable to the defendant, who, however, suggested that he obtain a *bona fide* offer from Seaver; that thereafter he obtained another offer in writing from Seaver, stating that his customer would be willing to take the parcel at $14,000, and pay $6,000 in cash and secure the balance by second mortgage on the premises, and that he presented this offer to the defendant on or about the date thereof, which was April 28, 1914, and that defendant accepted it, but requested, in effect, that he refrain from further negotiations until the defendant took title. It appears that the agreement between the defendant and Weisman was to be closed by the exchange of their respective premises on the fourteenth day of May. The plaintiff considered the two offers made by Seaver to be substantially the same, the only difference being that the second provided for a greater cash payment of $400 than the first; and testified that he informed Seaver on obtaining the second offer that the former offer had been accepted by the defendant. On the thirteenth of May the plaintiff says defendant agreed to make the exchange with Weisman on the following day according to the contract for the exchange but failed to appear at the appointed time or to acquire Weisman's title and later and on the same day informed plaintiff that he did not intend to perform his contract with Weisman, or with plaintiff.

On defendant's breach of the second contract, in the circumstances, I think that plaintiff had an election either to disaffirm the contract and recover, or be restored to the consideration with which he parted on making it, namely, the commission earned by him under the first contract or to recover damages for a breach of the second contract. (*Graves v. White*, 87 N. Y. 463; *Loeb v. Goldsmith*, 176 App. Div. 747. See, also, *Dubois v. Delaware & Hudson Canal Co.*, 4 Wend. 285, 289; *Schneider v. Miller*, 129 App. Div. 197.) He had received nothing under the second contract which he was called upon to tender back on rescission and it would not have been necessary to allege a rescission for the bringing of the action would constitute a sufficient election. (1 Pom. Eq. Juris. [3d ed.] 117, § 110; 2 Black Rescission & Cancellation, § 576; 1 Abb. Tr. Br. Pl. 380; 2 id. 1833; *Bither v. Packard*,

98 Atl. Rep. [Me.] 929; *Smith* v. *Smith,* 19 Ill. 349; *Laboyteaux* v. *Swigart,* 103 Ind. 596; 3 N. E. Rep. 373; *Mobley* v. *Pickett,* 9 Ala. 97.)  If the plaintiff were proceeding on the theory of rescission and had actually parted with money as the consideration for the second contract, he would be entitled to recover as for money had and received; and it would not have been necessary to plead the source of title to the money or the circumstances out of which the indebtedness therefor arose (*Whiting* v. *Derr,* 121 App. Div. 239; *Drake* v. *White Sewing Machine Co.,* 133 id. 446; *Hanover Building Co.* v. *Jacobs,* 78 Misc. Rep. 410; *Hofferberth* v. *Duckett,* 175 App. Div. 480); but he. did not actually deliver any money to the defendant and the action could not, strictly speaking, be maintained for money had and received, but rather for the consideration parted with, or perhaps it is more accurate to say that his original cause of action would thereby be restored.  (See *Loeb* v. *Goldsmith, supra.*)  I think there is no fact pleaded which might not have been properly, although perhaps not necessarily, alleged whether the theory of his action be in disaffirmance of the contract on account of the defendant's breach thereof and for the recovery of the consideration or whether it be for damages for the breach.  In either case he could have alleged and proved, as he has, that he performed the contract on his part by endeavoring to obtain a purchaser until the time when the defendant refused to perform and abandoned the contract.  On the facts alleged, therefore, I think plaintiff might have recovered on either theory; but the amount of damages demanded in the prayer for relief indicates that they have been estimated on the theory of full performance of the second contract and he did not demand as damages the amount of the commissions earned under the first contract.  However, his counsel does not contend here and so far as the record shows did not claim on the trial that the action was brought on the theory of rescission. . His contention is and has been that the plaintiff is entitled to recover damages as for a breach of the second contract, measured by the provisions of that contract if his evidence be sufficient, and he claims it is, to show a right to recover on the theory that he procured a purchaser for the one parcel who was ready, willing and able to perform,

and that otherwise, in any event, he is entitled to recover as for a breach of the contract the consideration with which he parted, on the theory that there has been a total failure of consideration owing to the defendant's breach of the second contract. Counsel for plaintiff argues, in effect, that his client could not rescind and become reinvested with his cause of action under the first contract; and on that point he relies upon *McCreery* v. *Day* (119 N. Y. 1) and *McIntosh* v. *Miner* (37 App. Div. 483), but they relate only to the effect of a rescission, by mutual agreement, of the original contract on which the action was based and not to a rescission of the contract which rescinded it; and this court, in *Loeb* v. *Goldsmith* (*supra*) recently held that the rescission for a total breach and abandonment of the second contract restored a right of action on notes surrendered by plaintiff in consideration thereof. It is persuasively argued by the learned counsel for the appellant that his client should be permitted to proceed on the theory of damages for breach of the contract and that, having pleaded all of the facts, in the event of his inability to show damages on the theory of full performance, he should be permitted to recover the consideration on the ground that defendant should be deemed estopped from contending that plaintiff has not sustained damages in that amount, at least, and he relies principally on *Horton* v. *Howe* (13 Hun, 57) and *Graves* v. *Waite* (59 N. Y. 156) in support of his contention. There is an expression in the opinion in *Horton* v. *Howe* which tends to support plaintiff's theory, but in that case the consideration parted with was fifty dollars and under the agreement that amount was to be returned to the plaintiff from the proceeds of the enterprise. The recovery was allowed on the ground that the defendant, having violated his contract by refusing to proceed as he had agreed, could not be heard to say that if he had performed as contemplated, the proceeds would not have enabled him to repay plaintiff therefrom. The case of *Graves* v. *Waite* (*supra*) apparently tends to sustain plaintiff's contention. That was declared by the Court of Appeals to be an action in assumpsit and appears to have been regarded as an action for breach of a contract to sell and deliver certain capital stock. The recovery was for the consideration paid, but

there is no discussion in the opinion either with respect to remedy or damages which indicates that no point in regard thereto was presented for decision.   There are many decisions relating to actions by a vendee for a breach of the contract to convey land and by a grantee for a breach of warranty in which, applying in part the rule applicable to rescission (Suth. Dam. [4th ed.] § 566), it has been held that ordinarily the amount recoverable is the consideration paid, together with interest thereon, and expenses incurred in examining title and preparing to perform; but in special cases where the vendor knew that he did not have title and the vendee did not, or that his title was defective, or where bad faith was shown, or where the contract was made with a view to enabling the vendee to reconvey a recovery has been had on a different basis.   (Suth. Dam. [4th ed.] §§ 581, 582, 633; *Taylor* v. *Barnes,* 69 N. Y. 430; *Boyd* v. *De Lancey,* 91 Hun, 542; *Pumpelly* v. *Phelps,* 40 N. Y. 59; *Margraf* v. *Muir,* 57 id. 155; *Moore* v. *Williams,* 115 id. 586; *Goodman* v. *Wolf,* 95 App. Div. 522; *Pringle* v. *Spaulding,* 53 Barb. 17.)   There are, however, other authorities, not cited by either counsel, more in point on the facts, which hold that the consideration parted with is only recoverable on the rescission of the contract and that by bringing an action for a breach of the contract the plaintiff affirms it and irrevocably elects to pursue his remedy for such damages for the breach as he may be able to show and necessarily concedes that the defendant is entitled to retain the consideration.   (*Quinn* v. *Van Pelt,* 56 N. Y. 417; Suth. Dam. [4th ed.] § 656; Sedgw. Dam. [9th ed.] § 30.)   This rule is also sustained by the *decision* in *Tompkins* v. *Lamb* (121 App. Div. 366; affd., 195 N. Y. 518), which was regarded as an action by a vendor for a breach of contract to deliver a monument for which he had paid in full.   There the litigated question was whether plaintiff had accepted a monument of a different quality and the jury found that he had not, although he still had possession of it owing to the fact that the vendor refused to take it back, and the jury awarded him the difference between the value of the monument as it should have been and as it was delivered.   The verdict was set aside by the trial court, but it was reinstated on plaintiff's appeal on the theory that the recovery had

been for a less amount than that to which plaintiff was entitled, but that of this defendant could not complain; and the true rule of damages was held to be that plaintiff was entitled to the *value* of his contract and that having paid the contract price and not having received the monument he was entitled to recover the full value of the monument as it should have been delivered. What was there said with respect to a recovery of the consideration is to be read in the light of these facts for, of course, if he had not paid the consideration his recovery should have been for the difference between the value of the monument agreed to be delivered and the contract price. (*Dey* v. *Dox,* 9 Wend. 129; *Clark* v. *Pinney,* 7 Cow. 681.)

The testimony of the plaintiff tends to show that he procured a customer for one of the parcels on terms satisfactory to the defendant and that the defendant verbally accepted the proposition and, in effect, released him from any obligation to produce the customer or to continue the negotiations further until after defendant acquired title to the land. The jury might have found that the defendant was alone responsible for plaintiff's failure to bring the customer to him, but there is no evidence from which they could have found that the customer was ready, willing and able to perform. The equities appear to be with the plaintiff and particularly since, if these views are right, he is now precluded from recovering the consideration. Such cases are apt to sway courts to extend doctrines unwisely. If the evidence should be held sufficient to warrant a recovery for the difference between the amount the purchaser offered for the parcel and the amount defendant agreed to take therefor, namely, $1,250, the recovery would necessarily proceed upon the theory that but for the defendant's breach of the contract the customer procured by plaintiff would have performed. On these facts it will not do, I think, to indulge in presumptions to that extent. A ruling to that effect might result in a recovery where the customer was wholly irresponsible financially and would not and could not have paid the consideration. It is to be borne in mind that the plaintiff was to receive any amount over and above $12,750 which he obtained for this parcel. It was doubtless contemplated that the payment

would be made through the defendant but he was only obligated to pay on receiving the consideration from the purchaser or the equivalent thereof. I am of opinion, therefore, that it was incumbent upon the plaintiff, in order to recover those damages to go further and to show that his customer was ready, willing and able to perform and thus afford a basis for a recovery on the theory that it was reasonably certain that if it had not been for defendant's breach of the contract the plaintiff would have received $1,250 for his services in negotiating a sale of one of the parcels. (See *Bunnell* v. *Chapman*, 173 App. Div. 108; *Corbin* v. *Mechanics & Traders' Bank*, 121 id. 744; *Mutchnick* v. *Davis*, 130 id. 417; *Backer* v. *Ratkowsky*, 137 id. 559; *Sheridan* v. *McLaughlin*, 172 id. 314.)

The defendant's wrongful breach of the contract has placed the plaintiff in an unfortunate position. His rights then became fixed and he was called upon to make an election whether to abandon the fruits of the contract and by rescinding recover the consideration or whether to stand upon the contract and endeavor to recover on the theory of performance with respect to one or both parcels. The time which he was to have to negotiate the sales had not expired; but when defendant refused to take title or to be bound by either contract the plaintiff could not in good faith endeavor further to obtain a purchaser. The nonsuit cannot be reversed on any theory argued on the appeal, but I am of opinion that it may and should be reversed on another ground. The action is one at law and a breach of the contract was shown as alleged and, therefore, plaintiff became entitled to recover nominal damages at least. Appellate courts do not reverse judgments to enable a recovery of merely nominal damages; but where a party was entitled to and has not received nominal damages and it can be seen that he may be able on a new trial to show substantial damages, and that an injustice may be done by allowing the erroneous decision to stand, it is within the power of an appellate court to reverse for the error and thus afford the plaintiff an opportunity to show and recover substantial damages. (*Thomson-Houston Electric Co.* v. *D. L. I. Co.*, 144 N. Y. 34, 49; *Mortimer* v. *Otto*, 206 id. 89; *Stevens* v. *Amsinck*, 149 App. Div. 220, 229.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Judgment and order reversed and new trial ordered, costs to appellant to abide event.