inter and remove affirmed, with ten dollars costs and disbursements. No opinion. Rich, Kapper and Hagarty, JJ., concur; Lazansky, P. J., and Carswell, J., dissent.

In the Matter of the Application of HARRY ZALKIN for Leave to Commence and Maintain an Action against MORRIS KRIM, MAX KRIMSKY, JACOB EICHENBERG and JOSEPH FRIEDBERG to Recover Part of a Mortgage Debt, Pursuant to Section 1078 of the Civil Practice Act, upon Which Mortgage an Action Has Been Brought in This Court Entitled: HARRY ZALKIN, Plaintiff, v. DUBINSKY REALTY CORPORATION and Others, Defendants. HARRY ZALKIN, Respondent; MORRIS KRIM and MAX KRIMSKY, Appellants.— Order, as resettled, granting leave to respondent to commence and maintain an action against certain defendants upon a collateral bond affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

CHARLES C. JAMES, Respondent, v. ALDERTON DOCK YARDS, LTD., Appellant. — Order granting plaintiff's motion for examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

CHARLES C. JAMES, Respondent, v. ALDERTON DOCK YARDS, LTD., Appellant. — Order affirmed, with ten dollars costs and disbursements. While it is the general rule that in the absence of an express contract an officer or director of a corporation cannot recover for services rendered without proving that such services were outside his duties as such officer or director and, in addition thereto, that they were rendered with the expectation of both parties that they should be paid for (*Alexander* v. *Equitable Life Assur. Society*, 233 N. Y. 300; *Fox* v. *Arctic Placer Mining & Milling Co.*, 229 id. 124), appellant does not allege in its answer the absence of such contract. Pleading the resolutions adopted by appellant does not exclude the possibility of others. As to the second defense, the requirement of a broker's license does not apply to one who sells a business as a going concern, including real estate as a part of the subject-matter of transfer. (*Weingast* v. *Rialto Pastry Shop, Inc.*, 243 N. Y. 113.) The exercise of the discretion of the Special Term in denying defendant's motion to compel plaintiff to reply to the affirmative defenses set up in the answer should not be disturbed. (Civ. Prac. Act, § 274.) Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

HARRIS JOSEPHSON, Appellant, v. HARRY SCHWARTZ, Respondent.— Judgment modified by providing therein that it is without prejudice, and as so modified unanimously affirmed, with costs. Assuming, without deciding, that plaintiff was entitled to recover nominal damages in any event, the rule is settled that appellate courts do not reverse judgments to enable the recovery of merely nominal damages. (*Shapiro* v. *Benenson*, 181 App. Div. 19, 27; *National Cash Register Co.* v. *Schmidt*, 48 id. 472, 474; *Mosler Safe Co.* v. *Brenner*, 100 Misc. 107; *McConihe* v. *New York & Erie R. R. Co.*, 20 N. Y. 495, 498.) Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

ANNA KAPLAN, Appellant, v. ETTA KOENIG, Respondent. ESTHETIC REALTY CORPORATION, Appellant, and Others, Defendants.*— Judgment modified by striking out the provision for an extra allowance of $400, and as so modified unanimously affirmed, with costs to respondent. Under section 1512 of the Civil Practice Act, the plaintiff is the only party entitled to an extra allowance, and the limit allowed is $150. Under section 1513 of the Civil Practice Act an extra allowance " to any party " may be made in a " difficult and extraordinary case." The

* Affd., 250 N. Y. 624.