■ VINCENT CASTALDO et al., Respondents, v. ELIJA OLKON, Appellant.— In an action in which plaintiffs sought to recover their respective alleged damages arising out of a collision between two automobiles, the court granted the plaintiffs' motion for summary judgment and directed an assessment of damages. The jury returned a unanimous verdict as follows: (1) for the infant plaintiff—"for personal injury, nothing"—"zero"; (2) $50 to the infant's father for medical expenses and loss of services; (3) $1,250 for personal injuries sustained by plaintiff Frank Cucinotta, Sr.; (4) for personal injuries sustained by Rose Cucinotta—"personal injury, zero"; (5) $227 for medical expenses and loss of services sustained by the husband of plaintiff Rose Cucinotta, as a result of her injuries; (6) $535 for personal injuries sustained by plaintiff Eileen Forbes; (7) $850 for personal injuries sustained by plaintiff Castaldo, the owner and driver of the automobile; and (8) $100 for the damage to his automobile. The trial court held: (1) that the failure of the jury to make an award for personal injuries sustained by plaintiff Rose Cucinotta and the infant plaintiff was inconsistent with the verdict in favor of the husband and father, respectively, for medical expenses; and (2) that the jury's various other awards in favor of the other plaintiffs for personal injuries were inadequate. The defendant appeals from the order of the Supreme Court, Nassau County, dated October 11, 1960, which sets aside the verdict and grants a new trial upon all the causes of action on the ground that the verdict is inadequate, inconsistent and contrary to the law and the facts, unless the defendant stipulates to increase the verdict to the amounts specified in the order, with respect to certain of the plaintiffs. Order affirmed, with costs. The failure of the jury to award damages for the personal injuries sustained by plaintiff Rose Cucinotta was inconsistent with its award to her husband for the alleged medical expenses he incurred for her. When a verdict in respect of a cause of action for personal injuries is inconsistent with the verdict relating to a derivative cause of action for medical expenses and loss of services, the verdicts may not stand and a new trial should be granted as to both causes of action (*Gray* v. *Brooklyn Hgts. R. R. Co.*, 175 N. Y. 448, 450; *Reilly* v. *Shapmar Realty Corp.*, 267 App. Div. 198; *Aanensen* v. *Brooklyn & Queens Tr. Corp.*, 255 App. Div. 981; *Scelzi* v. *Kruchel*, 3 A D 2d 917). It was conceded that the injuries sustained by the infant plaintiff were not serious. The general rule is that an appellate court will not reverse a judgment to enable the recovery of merely nominal damages (*Josephson* v. *Schwartz*, 225 App. Div. 675; *Witkin* v. *City of New York*, 3 A D 2d 720). But, upon this record and these briefs and since a reassessment of damages will be held as to the causes of action based on the injuries to the infant plaintiff's mother, a reassessment of damages should be held as to the causes of action based on

the injuries to the infant (also, see, e.g., *Aanensen* v. *Brooklyn & Queens Tr. Corp., supra*). No contention is made that the awards by the jury on some causes of action, if not inadequate, should be left undisturbed if it was proper to set aside the verdict as to other causes of action. We do not pass upon the issues as to whether the damages awarded for the personal injuries sustained by the adult plaintiffs were inadequate. Upon this record and these briefs, it should not be held that it was improper to grant a reassessment of damages as to all the causes of action if the defendant did not stipulate to the increases granted by the Trial Judge. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.