■ EDWARD GERING, Appellant, v. NICHOLVILLE TELEPHONE COMPANY, INC., Respondent. MARGARET GERING, Appellant, v. NICHOLVILLE TELEPHONE COMPANY, INC., Respondent.— Appeals by plaintiff wife in a personal injury negligence action and by her husband in its derivative counterpart from orders denying their motions to set aside verdicts in the respective sums of $5,000 and $1,500 upon the ground of inadequacy. They appeal also from the judgments entered thereon. While using the telephone equipment of defendant on July 26, 1958 plaintiff wife, aged 37 years, testified that she received an electric shock which caused her to fall to the floor of her home and to lose consciousness.

Artificial respiration administered by her husband resuscitated her. She suffered bruises of the head and right arm attributable to the fall; a laceration involving a substantial percentage of the area of her left eardrum, the perforation, scarring and thickening of which will be permanent; a nerve injury to the structure of the inner ear which resulted in a permanent hearing impairment estimated by respondent's audiologist to be 32%; a deficiency in the senses of taste and smell, a weakness of the left side of the face and a reduced sensibility to touch in the same area all concededly due to neurological damage. As to the permanency of the abnormal numbness about the face, the proof adduced from the testifying physicians of the parties is in agreement. It seems to us to matter not whether these injuries were proximately caused by the shock received as plaintiffs contend or by an ensuing fall which resulted in a compound basilar skull fracture as defendant's examining neurosurgeon theorized. According to the wife's testimony severe pain followed the injuries and their treatment which lessened after the sixth week and generally subsided at the expiration of a year following the accident. Tinnitus in the injured ear, she further stated, persisted to the date of the trial. Her attending physician treated her on not less than 110 occasions. The medical expenses incurred by the husband totaled $610. Expenditures for household help amounted to $348. In transporting her to and from the attending physician's office for treatment, a round trip of about 40 miles, his automobile was driven an estimated 4,000 miles. An allowance at the usual per mile rate added to the out-of-pocket expenses would approximate the total jury award. That the husband was deprived of some marital association due to his wife's infirmities can be reasonably inferred. On this record we are of the opinion that each verdict is inadequate. Accordingly, the order and judgment in each action are reversed, on the law and the facts, and a new trial granted, with costs to abide the event unless within 20 days after entry of the order hereon the defendant shall stipulate to increase the verdict in the personal injury action to the sum of $12,500 and that in the derivative action to $2,500, in which event the judgments, as so modified, are affirmed, without costs in this court. Settle order. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.