■ NORMAN ROSE, Respondent, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant.—In an action, *inter alia,* to recover damages as the result of certain securities transactions, in which defendant's application to compel arbitration had been granted, defendant appeals (1) from an order of the Supreme Court, Nassau County, dated May 10, 1976, which granted plaintiff's motion for reargument and, upon reargument, denied its motion to stay the action and compel arbitration and (2) as limited by its brief, from so much of a further order of the same court, dated August 10, 1976, as, upon granting its motion for reargument, adhered to the determination dated May 10, 1976. Appeal from the order dated May 10, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the order dated August 10, 1976 (see *Matter of Board of Educ. v Clarkstown Teachers Assn.,* 47 AD2d 628). Order dated August 10, 1976 reversed insofar as appealed from, on the law, without costs or disbursements, and proceeding remitted to Special Term for further proceedings not inconsistent herewith. The plaintiff's affidavits submitted to the Special Term establish a "substantial question" as to whether he knowingly and intentionally entered into an agreement to arbitrate any disputes which he might have with the defendant. This question should be tried by the Special Term (see CPLR 7503, subd [a]; *Matter of Prinze [Jones],* 38 NY2d 570, 574). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ JOHN RUSINKO, Respondent, and STEPHANIE RUSINKO, Appellant, v IGNATIUS J. PLECHAVICIUS, as Executor of LEONARD PLECHAVICIUS, Deceased, Appellant-Respondent.—In a medical malpractice action, defendant appeals from a judgment of the Supreme Court, Westchester County, entered November 20, 1975, which is in favor of plaintiff John Rusinko and against him, upon a jury verdict. Plaintiff Stephanie Rusinko's cross appeal from the said judgment brings up for review the trial court's dismissal, at the end of the case, of the cause of action asserted on her behalf. Judgment affirmed, with one bill of costs to plaintiffs. There was sufficient evidence adduced on behalf of plaintiff John Rusinko upon which the jury could conclude that the doctor was negligent in leaving the said plaintiff unattended after the administration of the injections to his foot and with knowledge of the said plaintiff's history of hypertension. Although the loss of services alleged by plaintiff Stephanie Rusinko might reasonably be inferred (see *Gering v Nicholville Tel. Co.,* 18 AD2d 945), the only proof adduced as to her damages tended to show that they were merely nominal. It is well settled that an appellate court will not reverse a judgment to enable a party to recover merely nominal damages *(Castaldo v Olkon,* 13 AD2d 533; *Witkin v City of New York,* 3 AD2d 720; *Josephson v Schwartz,* 225 App Div 675). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.